1820.

ROGERS
v.
Ross.

creed, that the defendants should convey the bank share to the plaintiff.

Decree accordingly.

---

ROGERS and others, Executors of HENDERSON, *against* ROSS, Executrix, &c.

Where the will of the testator is so ambiguously expressed, as to render it proper for the executor to take the direction of the Court, the *costs* will be ordered to be paid out of the fund in controversy.

*November 25th.*

THIS cause came on to be heard upon the equity reserved, upon the coming in of the Master's report, (vide ante, p. 388. S. C.) a question arose, whether the costs of the defendant should be charged upon the assets of her testator, or upon the fund in controversy, being the rents and profits of certain real estate.

*T. A. Emmet*, for the plaintiff, contended, that the costs ought not to fall upon the fund, for that would be making the owners of the fund pay the costs of the defendant in unsuccessfully resisting their demand.

*Wells*, contra, cited *Morrell* v. *Dickey*, 1 *Johns. Ch. Rep.* 153.

THE CHANCELLOR. Neither the defendant, nor her testator, were in fault. Her testator was the executor of *Alexander Henderson*, and the will of *A. H.* was expressed so ambiguously, as to the disposition of the intermediate rents and profits of the farm devised to *William Henderson*, that counsel differed as to the true construction and legal operation of the will on that point. It was, therefore, an act of

sound discretion in the executor of *A. H.*, and in the defendant, as his executor, to require the direction of this Court; and the fund in dispute, not his own estate, ought to bear the expense of the suit. This was the principle advanced in the case cited; and it has been frequently held, that costs ought to be charged upon the general assets of a testator, or upon the fund created by his will, if the will be so drawn as to create difficulty, and render a resort to this Court advisable. (3 *P. Wms.* 303. 3 *Bro.* 25. 192.) It is, also, the settled doctrine, that executors, and other trustees who have acted fairly, or who have resisted a claim in good faith, merely by way of submission, shall have their costs out of the fund. (1 *Vesey*, jun. 205. 246.) The costs, therefore, must be paid out of the fund.

Order accordingly.