ABIGAIL BROWN, Executor, &c., Appellant, *v.* GEORGE W. BROWN, Executor, &c., et al., Respondents.

The testator, by his will, gave to his wife (the appellant) " the use of all the property, both real and personal, he might possess at his decease, as long as she should remain his widow ; " and she was " to have and to hold as her own property, and dispose of as she might see fit, *all the property,* whether household furniture or any other kind, that she had at the time of her marriage." After the death or marriage of his wife aforesaid, he gave to his son (the respondent), all the property, both real and personal, he (testator) should possess at his decease, as aforesaid, by his paying "all debts that shall be outstanding against me at the time of the decease or marriage of my wife ; " and paying M. a legacy of $100 one year after his wife's decease or marriage. The wife surviving, in an action brought by her, for a construction of the will,—(*Held* DANIELS and MURRAY, JJ., *contra*), that the debts of the testator should be paid out of the remainder or residuary estate or interest given to the son, and that, to effectuate this purpose, the real property should not be sold to pay such debts, except *subject* to the use thereof given to the widow during her life or widowhood.

*Held,* further, that upon her marriage, if she should marry, the appellant would become entitled to her dower in the testator's estate.

*Held,* further (WOODRUFF and LOTT, JJ., *contra*), that the word " property " in the clause, giving to the appellant all the property she had at the time of her marriage with the testator, only included that remaining in *specie,* at the time of his death, and that she had no claim, under that clause, to compensation from the estate, for the value of property owned by her at the time of her marriage, which had been used up, worn out, or otherwise consumed and destroyed ; nor to money received by the testator from her, at the time of their marriage.

*Held,* also, that it was just to charge the costs of obtaining the construction of the will, upon the testator's estate, both real and personal, so that the appellant's life interest, and the respondent's residuary estate, should each bear its proportion.

(Argued September 29th, 1869, and decided December 23d, 1869.)

APPEAL from the General Term of the Supreme Court, of the sixth district, reversing the decision at Special Term. (MASON, J.)

The action was for the construction of a will. John Brown died on or about the 24th June, 1861, leaving the appellant, his widow, to whom he was married in the year 1846. By his last will, dated in 1854, he devised and bequeathed as follows:

1st. " I give and bequeath to my wife, Abigail, the use of all the property, both real and personal, I may possess at my decease as long as she shall remain my widow ; and she is to have and to hold as her own property and dispose of as she may see fit, all the property, whether household furniture or any other kind, that she had at the time of our marriage and all furniture, bedding and other things in the house, that has been made since we have lived together.

2d. " After the death or marriage of my wife, Abigail, aforesaid, I give and bequeath to my son, George W. Brown, all the property, both real and personal, that I shall possess at my decease as aforesaid, by his paying the following sums to the following persons, as their dower : 1st. Said George W. Brown, shall pay all debts that shall be outstanding against me, at the time of the decease or marriage of my wife. 2d. Said George W. Brown, shall pay to my grandson, George H. Moore, the sum of $100, if said George H. Moore shall be living within one year from the decease or marriage of my wife ; or if she dies first, within one year from my decease."

By a codicil dated in February, 1861, he says further, " Whereas * * I have bequeathed to my son, George W. Brown, all my property, both real and personal, after the decease of my wife, Abigail, or myself, by his paying certain dowers therein mentioned ; now, therefore, I do by this writing * * * order and declare that my will is, that all the household furniture that was in the house at the time my present wife, Abigail, came to live with me, be given and bequeathed to my daughter, Desire Moore, as her property forever, to do with as she pleases; and if the said Desire

Moore be living at the time said G. W. Brown shall come into possession of said property, the said G. W. Brown, shall give to the said Desire Brown one cow."

This action was brought to obtain the construction of this will and an adjudication of its legal effect in several particulars, and especially on the questions arising between the widow and her co-executor, her son: Whether George W. Brown is liable to pay the debts of the testator existing at the time of his decease as a condition of the devise to him. Whether the widow has dower in addition to the provision made for her. Whether the said George W. Brown as such devisee, and as a condition of the devise to him is bound to pay the plaintiff the money and the value of the other personal property she had at the time of her marriage. Whether the bequests to George H. Moore and Desire Moore are to be deemed satisfaction of their claims against the estate.

The complaint alleged that the plaintiff, at the time of her marriage in 1846, had personal property and money to the value of about $700, all of which the testator received from her. This allegation was not denied by the defendants in their answers, and the court thereupon, found it as a fact.

The court at Special Term, decided that George W. Brown was not now required to pay the debts of the testator, but only such as shall be outstanding unpaid at the death or marriage of the widow, and that he cannot now be required to elect whether he will accept the devise charged with that condition.

That the widow will be entitled to dower in the real estate of the testator, if by reason of her marriage she should lose the estate given *durante viduitate* by the will. That the widow took as legacy all the personal property which she had at the time of the marriage, whether then consisting of specific property or money, and the same is a claim to be paid out of the estate, and judgment was ordered for the amount, $700. And that the bequests to George H. Moore and Desire Moore are not to be deemed satisfaction of any indebtedness of the testator to them. And the judgment directed that the

personal property of the testator other than the furniture bequeathed to Desire Moore, be sold and invested, the interest to be paid to the widow ; and that the real estate be also sold, and the proceeds be applied, first, to the costs of the respective parties; second, to refund to the widow the $700, and the residue, after the payment of the debts of the testator, to be invested for the use of the widow during her life, and then to be paid to George W. Brown, subject to the payment by him of the $100 to George H. Moore, and of one cow to Desire Moore.

The General Term on appeal held, as to any money which the widow had at the time of her marriage, and received from her by the testator, that was not included in the gift of " property, whether household furniture or any other kind that she had at the time of our marriage," but that the gift only included such property as remained and capable of identification. And the judgment as modified, directed that all the personal property, except what was given absolutely to his widow, or to Desire Moore, and the articles of furniture, which by chapter 157 of the Laws of 1842, or under other statutes, she was entitled to hold as widow, be sold for the payment of the debts of the testator and the costs of this action ; and if insufficient, then that enough of the real estate be sold to satisfy such debts, &c. The executor and executrix being respectively required to account for what money or property of the estate they had received, and to be allowed for any debts they had paid.

The plaintiff appealed.

*D. M. Powers,* for appellant.

*Isaac S. Newton,* for respondent, on the question of construction, cited 2 Redf. on Wills, 457–8, *n.* 1, 476, § 28; *Howe* v. *Bemis* (2 Gray, 205); *Stephenson* v. *Dawson* (3 Beav., 342); *Morgan* v. *Morgan* (14 Beav., 72); 2 Barb. Ch., 211; 9 Paige, 160; 2 Paige, 122; *Hoes* v. *Van Hoesen* (1 Comst., 120); *Kelsey* v. *Western* (2 Comst., 500).

WOODRUFF, J. The only points urged on behalf of the appellant are:

1st. That the son, George W. Brown, should be charged with the payment of all the debts of the testator.

2d. That the widow is entitled to all the property which she had at her marriage, in whatsoever it then consisted, or now consists; and therefore, the judgment at Special Term, awarding her the amount thereof, to wit, $700, was correct; and

3d. That the costs should be paid, not out of the principal of the estate, in reduction of the income to the widow, but out of the reversionary interest only.

1. It is manifest that the construction and effect given to the will by the court below, operates to render the provision requiring George W. Brown to pay any debts of the testator inoperative; the decree requires their present payment out of the principal of the estate, and of course it makes it impossible that the residuary devisee and legatee should have any debts to pay, and there can be none outstanding at the decease or marriage of the widow. The direction in the will in respect to this payment of debts by George, is clearly, I think, susceptible of being read in harmony with an intention in the mind of the testator that the whole burden of the small amount of debts which he owed should fall upon his son, and so the beneficial enjoyment of his whole property (except that in the codicil bequeathed to his daughter) be preserved to his widow. A single transposition would express that intention; thus, all debts that shall be outstanding against me, the said George W. Brown shall pay at the time of the decease or marriage of my wife. It is manifest, I think, that in the sentence which immediately follows in the will, the testator has used the decease or marriage of his wife to determine the time of payment merely, and yet the structure of the sentence is very similar to that which is above transposed. The idea expressed by such following sentence would in like manner be made clear if read thus: Said George W. shall, within one year from the decease or mar-

riage of my wife, or if she dies first, within one year fro n
my decease, pay to my grandson, George H. Moore, the sum
of $100, if said George H. Moore shall be living. Looking at
both of these clauses in connection with the general intent
apparent in the whole will, primarily to provide for the
maintenance of his wife, I feel strongly impressed by the
belief that the testator meant to charge the payment of all
his outstanding debts upon his son; and that in his conscious-
ness that he had provided him with no means therefor until
his wife should die or marry, he fixed that death or marriage
as the time when he should make the payment; thus making
that, not the test or means of measuring the amount he
should pay, but the time when the charge he imposed upon
him should be executed. His form of expression may be
infelicitous, and yet it is one which read as embracing two
consecutive thoughts in the mind of the testator, will import
the same thing even without transposition. First, "said
George shall pay all debts that shall be outstanding against
me." Next, when shall he·so pay? "At the time of the
decease or marriage of my wife," when he will be entitled
to all the property, real and personal that I shall possess at
my decease.

Again, the gift to George of all the property real and per-
sonal George is to become entitled to "by paying," *i. e.,* on
condition that he pays. It is irrational to conclude that the
testator, conscious that, by law, the payment of his debts must
be made without awaiting the decease or marriage of his
wife, meant that George should have the benefit of this devise
and bequest although he paid nothing.

On the contrary, it is in much better harmony with the
language used, and with the other provisions of the will, to
say that the testator intended that, provided George paid all
debts outstanding against the testator, he should have all his
property. It is, nevertheless, equally plain that he did not
intend to charge him with that payment until, by the decease
or marriage of his wife, he would have acquired a right of
immediate enjoyment of the property itself.

How then can this intention of the testator, so inconsistent with the right of creditors to have immediate payment, be carried into effect ?   As a question between creditors and the estate of the testator, it must necessarily be answered that no provision of the will of the testator can legally operate to hinder or delay the payment of his debts ; but as a question between the devisee or legatee entitled to the use of the property, and another entitled to the remainder or principal, the answer is quite different.   If the payment of the debts is charged upon the remainder, whether by direct terms of charge or by words of condition, then although the devisee or legatee of such remainder is not put to an election which can make him personally liable for the debts, the charge may be executed upon the remainder itself.   And this works complete justice and effectuates the intention of the testator.  The case of *Hoes* v. *Van Hoesen* (1 Comst., 120), is in harmony with this view.   The gift of the entire real and personal estate to the widow for life, with a provision that the devisee and legatee in remainder shall pay the debts, indicates an intention to exonerate the estate as to such life interest altogether, and cast the debts on the remainder.   And the collection of such debts out of the remainder or residuary interest of George works nothing inequitable as to him ; for if he takes that interest at the decease or marriage of the widow, he takes it reduced or abated only by the debts the testator intended to charge thereon.   These considerations lead me to the conclusion that, if practicable, the debts of the testator should be paid out of the remainder or residuary estate, and interest given to the son.   And that may be done by selling, subject to the use given to the widow during her life or widowhood.

2. Upon the next question I am of opinion that the decision at Special Term was correct, and that the testator intended to give, and did give his widow all the property she had at the time of her marriage, of whatever kind.   It is not easy to suggest words more expressive of this intent, unless the testator should go into an enumeration of particulars.  Thus

he declares that she is to have and hold, &c., "*all the property*, whether household furniture or *any other kind* that she had at the time of our marriage."

Now, it is not only true that money is "property," but, where the testator has said all the property, and then gives intensity to the expression by saying "whether household furniture, or any other kind," he indicates that whatever kind of property it was which she had, or by whatever name it be called, it shall be refunded and be had and held by her to her own use. This made the gift not an acknowledgment of a debt, but a legacy to be paid out of his estate.

In the same paragraph he uses the word property in the same comprehensive sense when applied to his own estate, and it is not and cannot be doubted that it there includes all money, debts due him and whatever of value can pass under the name of property. Thus he gives to his wife "the use of all the property, both real and personal, I may possess at my decease," &c., and in the next line declares that she is to have and to hold as her own, &c., &c., all the property, whether household furniture or any other kind, that she had at the time of our marriage, &c. It seems to me that this latter expression included the money she then brought to the testator, and that the decree at Special Term was correct in treating this as a legacy, and that whatever of household furniture or other chattels so owned by her remained, was given to her, and whatever of money she brought to the testator should be refunded out of sales of the personal estate, and if that be not sufficient, then out of the real estate. But a majority of my brethren are of opinion that the decree below, in this respect is right, and the decree thereupon, in this respect, must be affirmed.

3. The direction in regard to costs was correct. The whole theory of the action is that, by reason of doubt in regard to the intention of the testator, the aid of the court was necessary to determine the rights of the parties and instruct the executors as to their duty. I think this theory was sound, and that the action was properly brought. In such cases the

disposition of the question of costs is not governed by any invariable rule, but depends upon the particular circumstances. Whether the parties shall each bear their own costs; whether the costs shall fall upon the residuary estate, or whether it shall be charged upon the fund in the proportions in which it is to be beneficially enjoyed, are proper questions to be considered. Often, and perhaps it may be said that generally the particular bequests will be preserved and costs charged upon the residuary estate. This will be so when the condition of the estate and the objects of the specific bequests make that seem most equitable; but here the estate is small. The testator has very plainly indicated the relative degree in which he intended his widow and his son to be benefited, and that is by the use to the widow and the principal to the son. The decree practically charges the burden of costs in the same proportion; by paying it from the proceeds of sale, the widow loses the use and the son the principal to that extent.

Surely this is not inequitable toward her. As she has the use of the whole estate (some small amount of furniture excepted), I incline to think the son has more reason than she has to complain.

On the two grounds above stated I think the decree should be reversed, or modified in conformity with the views expressed.

DANIELS, J. (dissenting.) The testator's personal estate was legally and equitably the primary fund for the payment of his debts, so far certainly as it was not specifically bequeathed to his widow and his daughter. (*Hoes* v. *Van Hoesen*, 1 Com., 120; *Kelsey* v. *Western*, 2 id., 500.) And there was nothing in his will showing that he intended to exonerate it from that burden, and impose the payment of his debts as a duty upon his son, to whom he devised his residuary estate remaining after the marriage or decease of his widow. For it was not his debts generally that the devisee was required to pay, but only such debts as shall be outstanding at the time

of the decease or marriage of his widow, which evidently contemplated that his debts would be either partially or wholly paid before the happening of the event upon which his son was to take his estate. And he must necessarily, therefore, have expected and intended that such payment would be made out of his personal estate, for no other provision was made by the will for it. And it could not have been expected by the testator that the creditors would be willing to delay enforcing payment of their debts until the devise to his son took effect in possession, by the decease or marriage of his wife. He must be presumed to have known that the creditors, in the ordinary course of legal proceedings, were entitled to collect their debts out of his personal estate within the period of eighteen months after the time of his decease, and in the absence of any immediate provision for their payment in any other way, that they would be paid in that manner. It was the debts remaining unpaid at the decease or marriage of his widow ; not those owing by him at the time of his own decease, that the testator required his son to pay. And that would include only such debts as should not previously be collected by the creditors through his executors in the ordinary course of the proceedings provided by the statute for that purpose.

The testator died on the 24th of June, 1861. He was married to the executrix in 1846. At that time, it is averred in the complaint, she had personal property and money to the value of about $700, all of which the testator received from her. What the property, besides the money, consisted of was not made to appear on the trial; but there was no denial of the truth of this allegation. When the testator made his will he bequeathed to his widow, to have and to hold as her own property, and dispose of as she may see fit, all the property, whether household furniture or any other kind, that she had at the time of their marriage, and all furniture, bedding and other things in the house, made while they lived together. This was plainly a bequest of existing property, as distinguished from a legacy given in part to pay, or compensate

her for such as should have been worn out, destroyed or lost, or for the deterioration of that still capable of being received by her. It was a present bequest, unconnected with any terms indicating it to have been the testator's purpose to provide that his widow should be compensated for that portion of the property referred to, that might prove to be injured, worn out, lost or destroyed, beyond the benefit she would receive in that respect by the furniture, bedding and other things in the house, made while they lived together.

What the value of this property that he received from his wife was, cannot be accurately gathered from the case. For even the allegation made on the subject in the complaint is too indefinite to fix that value. The money and property are both stated together to amount in value to about $700. But what part of this consisted in money, and what part in other articles of property, was not stated. And in the view taken of this portion of the testator's will, it was not very important that any accurate statement of that value should have been made. For whatever the value might prove to be, was of little consequence as long as the widow was entitled to the identical articles themselves upon the decease of the testator. These she was entitled to, as they might be found to be without reference to the circumstance whether they proved to be worth more or less than the amount mentioned in the complaint.

The testator devised and bequeathed all his property, not specifically given to his widow and his daughter absolutely, and not necessarily required for the payment of his debts, to his widow for life, or while she should remain unmarried. There was no ambiguity or uncertainty in this part of the will. In case she afterward married, then the property she was entitled to use until that time, was bequeathed and devised to the testator's son. If that devise and bequest should take effect in his favor in consequence of her marriage, then for the residue of her lifetime she would be entitled to her dower in her husband's lands. (*Bull* v. *Church*, 5 Hill, 206; 2 Denio, 430.)

There was no impropriety in the disposition which was made of the costs of the parties to the suit. The case was a proper one for their payment out of the property of the testator, not absolutely given to his widow and daughter. And as the plaintiff has failed to establish the incorrectness of the judgment pronounced by the General Term, she should be charged with the costs of this appeal. The judgment should be affirmed with costs.

For the modification of the judgment in accordance with the view on the opinion of WOODRUFF, J.

HUNT, Ch. J., GROVER, WOODRUFF, MASON and JAMES, JJ., for the affirmance of General Term, with the modification as to the payment of debts, suggested in WOODRUFF's opinion.

DANIELS and MURRAY, JJ., for affirmance.

LOTT, J., for reversal on different grounds from the majority.