JOSEPH M. COOK AND E. LUTHER HAMILTON, AS SOLE ACTING EXECUTORS, ETC., OF JOHN MUNN, DECEASED, APPELLANTS, *v.* MARY E. MUNN, INDIVIDUALLY AND AS ADMINISTRATRIX, ETC., OF CHARLES S. MUNN, DECEASED, AND OTHERS, RESPONDENTS.

*Construction of a will — costs of the action — upon what funds they should be charged.*

The plaintiffs' testator gave one-fifth of his estate to his son Charles, who died during the lifetime of the testator, leaving two children and a widow him surviving. The plaintiffs brought this action to obtain a construction of that portion of the will containing this gift, and to have it determined whether the widow was entitled to any share, and whether the property should be transferred to her as administratrix or general guardian of the children.

*Held*, that it was error to charge the costs and expenses of all the parties upon the general estate.

That the costs of the plaintiffs should be charged upon the general estate, the costs of the widow, as administratrix, upon the estate held by her in that capacity, and the costs of the infants upon the legacy.

APPEAL from an order made at a Special Term, directing the costs and allowances of the parties to be paid out of moneys in the hands of the plaintiffs belonging to the estate of their testator.

*George W. Lyon*, for the appellants.

*F. G. Fincke*, for Mary E. Munn, respondent.

*Alexander T. Goodwin*, for infant defendants, respondents.

BRADY, J.:

John Munn, who was the father-in-law of the defendant Mary E. Munn, and the grandfather of the infant defendants, died in December, 1882, leaving a last will and testament, by which he gave to his son Charles S. Munn, the husband of the defendant Mary E. Munn, one-fifth of his estate absolutely, which his executors were directed to pay. Charles died in April, 1882, prior to the death of the testator, leaving him surviving his two infant children, who are defendants herein, and his widow, also a defendant herein ; and the plaintiffs' executors, having entertained a doubt as to their duty in

reference to the legacy given to Charles, commenced this action, praying the instruction of the court as to the true meaning and effect of the will in that regard, and to whom they should pay such legacy or share. The complaint demanded the judgment herein should settle, determine and decree as follows:

1. What is the true meaning and effect of the said will so far as it relates to the legacy or share given by the said will to said Charles S. Munn, and to whom shall the plaintiffs pay said legacy or share?

2. Is Mary E. Munn, as the administratrix of Charles S. Munn, deceased, entitled to receive any part, and if so, what part of said legacy or share, and if so, for whose benefit shall she receive the same, and who is entitled to share in the distribution thereof through said administratrix?

3. Is Mary E. Munn, as widow of said Charles S. Munn, entitled to receive any part, and if so, what part of said legacy or share given by said will to Charles S. Munn?

4. Is Mary E. Munn, as general guardian of said infants, John Pier Munn and Theodora Munn, entitled to receive any part, and if so, what part of said legacy or share given by said will to Charles S. Munn?

5. And the plaintiffs further pray that they may have such other or further relief as may be agreeable to equity.

The case was brought on for hearing upon the complaint and answers of the defendant Mary E. Munn, and the infant defendants by their guardian. The latter submitted the rights of the infants to the protection of the court.

The learned judge at Special Term, to whom the controversy was submitted, said that on one hand it was claimed that the statute should be interpreted in conjunction with the statute of distributions, under which the widow and brothers of Charles S. Munn would have an interest in the estate, and on the other that such estate upon the death of the father, Charles, vested absolutely in his children, and came to the conclusion, declared after pronouncing a well considered opinion, that the fund in dispute was the property of the children, and that Mary E. Munn was entitled to it as their guardian upon giving the requisite security. He also directed that the costs and allowances should be paid by the executors out of the

general estate of John Munn, deceased. From the order directing such payment the plaintiffs appeal.

The general rule, as stated·by the respondents, undoubtedly is, in proceedings to obtain the construction of a will, although they are in the discretion of the court, to charge the costs upon the general estate, if the will is so drawn as to create doubt and render resort to a court necessary or advisable. (*Rogers* v. *Ross,* 4 Johns. Ch., 608 ; *Smith* v. *Smith,* 4 Paige, 272 ; *Wood* v. *Vandenburgh,* 6 id., 277, 287; *King* v. *Strong,* 9 id., 94 ; *Brown* v. *Brown,* 41 N. Y., 507, 515 ; *McLean* v. *Freeman,* 70 id., 81 ; *Gourley* v. *Campbell,* 66 id., 169.)

But this rule has no equitable application to a case in which a particular share only is involved in doubt. It relates to a question affecting the administration of the entire estate. Here there was no dispute affecting the general estate, but simply a portion of it, and that was whether it should be paid to the creditors and administratrix of the deceased legatee or devisee, or to his children, it making no difference whatever to the other participants of the testator's bounty what was done with that portion of the estate. There does not seem to be any reason, therefore, why all of the costs and expenses should be paid out of the general estate or why any other than the costs and expenses of the plaintiffs should be paid out of the general estate. The plaintiffs, as the executors, were justified in asking the instruction of this court as to their duties in the payment of the legacy or the share given to Charles S. Munn, and whatever expense was incurred in that proceeding should be paid out of the general estate. The other legatees or persons interested in the remainder of the estate were not made parties to·the action, and there was no necessity that they should be. It is therefore in this respect similar to the case of *House* v. *Raymond* (3 Hun, 44), in which it was held that the shares of the grandchildren should not contribute to the expense of the litigation, which was for the construction of a will, because they were not made parties to the proceeding. It is for this reason thought that the order appealed from should be modified by directing that each party pay his or her own costs — the plaintiffs out of the general estate ; the defendant Mary E. Munn, as administratrix, out of any portion of

the estate in her hands as administratrix, and the infants out of their share in the legacy.

DAVIS, P. J., and DANIELS, J., concurred.

Order modified as directed in opinion, and affirmed as modified, without costs.