(117 App. Div. 199)

### BROWN et al. v. BROWN.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

DOWER—WAIVER—MARRIAGE SETTLEMENT.

     Intestate, when about 90 years of age, executed an antenuptial contract with claimant, who was about 35, by which he agreed that in consideration of her marrying him, in case of his death within three years his executor should pay her 3,000 Swedish crowns, but if he should live five years then they should. pay 5,000 Swedish crowns or its equivalent in American money, and after his death she should be paid $40 per month for her support until the division of the estate, "when she should be paid in full as her widow's dower in full." *Held,* that the payments so provided for were in addition to, and not in lieu of, dower.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dower, §§ 114–122.]

     Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Partition between Alfred S. Brown and Lee Anna Brown and others, in which Augusta Andree Brown was denied dower or a share of the personal property of Paul S. Brown, deceased, and she appeals. Modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Louis J. Altkrug, for appellant.
Joseph Fettretch, for respondents.

LAMBERT, J. Paul S. Brown died on the 31st day of August, 1901, intestate as to the property involved in this action. On the 10th day of July, 1901, Mr. Brown entered into an agreement with the plaintiff, which was followed by a ceremonial marriage on the 24th day of August in the same year. He was at that time about 90 years of age, in the full possession of his faculties, so far as appears from the evidence in this case, and on the date of the agreement he wrote out, and the parties subscribed, the following contract:

"This agreement made and entered into by and between Paul S. Brown of the town of Bloomfield, state of New Jersey, party of the first part, and Augusta Andree, of the city of New York, party of the second part. Witnesseth. That for and in consideration of this agreement and certain sums of money to

be paid to her by the said party of the first part and other valuable considerations, the said party of the second part promises to marry the said party of the first part some day before July 15th, 1901, and by mutual agreement become legal husband and wife. Certified by their signatures and seals and by two disinterested witnesses to same. The said party of the second part: in case of the death of the said Paul S. Brown, within three years the said Augusta Andree shall be paid by the executors of the last will and testament of said Paul S. Brown, three thousand Swedish crowns, but if he lives for five years from the date of this agreement, she, the said Augusta Andree, shall be paid five thousand Swedish crowns, or its equivalent in American money, and after his death she is to be paid forty dollars per month for her support until the division of the estate, when she is to be paid in full as her widow's dower in full."

What is the reasonable construction of this language used by Paul S. Brown in defining the rights of this woman, who at the age of 37 years was about to enter into the marriage relation with him? Clearly Mr. Brown used language with a fair degree of intelligence in defining his purpose. He evidently understood that at his age he had not many years to live, while the plaintiff could reasonably expect to survive him for a number of years. The plaintiff was comparatively young. She was a trained nurse, and she was relinquishing her occupation for the purpose of caring for this old man, and she evidently demanded something more than the rights of a wife in the property. It was agreed, therefore, that if Mr. Brown died within a period of three years the plaintiff was to be paid 3,000 Swedish crowns, equivalent to $810; but, if he lived for five years, she was to be paid 5,000, Swedish crowns, "and after his death she was to be paid forty dollars per month for her support until the division of the estate, when she is to be paid in full as her widow's dower in full,"—that is contingent upon the length of life of Mr. Brown, his executors were to pay her 3,000 or 5,000 Swedish crowns out of his property, the same as they would be called upon to pay or discharge any other indebtedness. In addition to this, they were to pay to the plaintiff a fixed sum per month for her support during the time that the estate was held by the executors, and then "she is to be paid in full as her widow's dower in full." There is no suggestion here that these several payments, or any of them, are in lieu of dower, nor is there any inconsistency between such payments and her right of dower. The parties understood that the widow would have dower rights. They contracted with reference to such rights, and they did not in express language, nor by necessary implication, exclude her from such rights. On the contrary, the contract provided for certain definite payments under agreed conditions, and then, upon the division of the estate, she was to be "paid in full as her widow's dower in full."

The statute provides (Real Property Law, Laws 1896, c. 547, p. 586, § 178) that any pecuniary provision made for the benefit of an intended wife and in lieu of dower, if assented to by her, bars her right or claim of dower in all the lands of her husband, but it must be made in lieu of dower. The parties have a right to provide for more than the dower, and this, it seems to us, has been done in the contract under consideration. At least, there is no language which compels the conclusion that it was the intention of the parties that the plaintiff should be entitled to less than she would have been entitled to without the

contract. Dower is favored by the law, and, while the right to both dower and the benefit of a testamentary provision must yield to the intent of the parties where such intent is stated or clearly implied, if there is reasonable doubt, the widow takes both. Matter of Gordon, 172 N. Y. 25, 28, 64 N. E. 753, 92 Am. St. Rep. 689. And it cannot be said in the case now before us that there is any lack of reasonable doubt. Mr. Brown drew this contract, the language was of his own choosing, and it is quite as consistent with reason, in view of the circumstances, that he intended that the plaintiff should have more than her dower rights, as it is to hold that there was an intention to limit her to the comparaively small amount which she would realize in the event of Mr. Brown's death within a period of three to five years. The court in Matter of Gordon, supra, quote the rule that, "where there is no direct expression of intention that the provision shall be in lieu of dower, the question always is whether the will contains any provision inconsistent with the assertion of a right to demand a third of the lands, to be set out by metes and bounds," and if this rule is applied to the contract before us, and its language is given its most obvious meaning, the plaintiff was entitled to succeed in her contention.

The learned court below finds it necessary to read into the language used by Mr. Brown a word of extensive meaning in order to reach the result which we are called upon to review, and we do not think the case is one where we are justified in supplying language. The words are not merely those of Mr. Brown, acting as a testator. They are the words of a mutual contract—words selected by Mr. Brown—and, as he has failed to use language which will deprive the plaintiff of her dower rights, his heirs cannot be aided by the court. Under the statute the plaintiff is entitled to "be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage." Real Property Law, Laws 1896, c. 547, p. 584, § 170. This is the lawful right of this plaintiff unless the right has been taken from her by this contract, and we have no authority to add anything to the language which the contracting parties have used to bring about such a result. She had a right to refuse to marry Mr. Brown and to accept merely the rights of his widow. She had a right to stipulate for something more, and a fair construction of the language chosen by Mr. Brown to express the agreement with this plaintiff does not justify holding that it was intended that the rights of the plaintiff should be cut down, but rather enlarged. We find nothing to warrant holding that the specific payments provided for out of the estate of Mr. Brown were intended to be in lieu of dower.

The judgment should be modified by providing that the widow shall be entitled to her dower right in the estate in addition to the provisions of the contract. Costs of this appeal to the defendant Augusta A. Brown. The order to be settled on notice.

McLAUGHLIN and INGRAHAM, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAMBERT. An analysis of the antenuptial agreement shows that it is fairly divided into two parts. The first part contains the mutual promises of the

parties to the agreement, and the second part relates to the agreement on behalf of the proposed husband. The first part witnesseth that for and in consideration of this agreement and certain sums of money to be paid to her by the party of the second part (proposed husband), and upon a valuable consideration, the party of the first part (proposed wife) promised to marry the party of the first part some day before July 15, 1901.

Here is a distinct promise by the proposed wife to marry, and this promise to marry is based upon the consideration of the money therein provided to be paid to her. This is the only promise that she makes in the agreement. Whatever rights she would have as a wife were preserved to her by the agreement, and certainly in any part of the agreement which contains her promise there is no relinquishment of any legal right to which she would be entitled upon her marriage. Now, the second part of the agreement makes provision for the sums of money which were to be paid to her, and which were a part of the consideration for making the promise of marriage. Under that agreement she is to be entitled to receive a certain sum of money upon the death of the husband. Subsequent to his death she is entitled to receive an annuity of $40 per month, to continue during the time that the husband's estate is undivided, "when [at the time of the division of the estate] she is to be paid in full as her widow's dower in full." I do not think that this language can be construed into an agreement to relinquish dower, or into an agreement that the payment of these various sums of money is to be considered in lieu of dower. Certainly, if this provision was in a will which purported to make provision for the testator's wife, it could not be held to be a provision in lieu of dower, an acceptance which would estop her from claiming dower after the period during which she was entitled to receive the annuity. Turning to the will of the testator, as it existed at the time this agreement was made, the meaning seems to become apparent. The testator had intended to tie up his estate for a period of 26 years, during which time the income from his property was paid to his children in fixed sums per month. Undoubtedly the intent was to provide for this annuity to his widow in lieu of her right to receive during the period that his estate was undivided a third of the income of the real property. Under the antenuptial agreement she was to receive a sum of money upon his death. She was then to receive a certain annuity during the time that the estate remained undivided; but upon the division of the estate the annuity was to cease, because at that time she would be entitled to her dower in his real property. I think that the only effect of the acceptance of the provision made for the widow by the antenuptial agreement would be to postpone her right of dower until the final division of the estate. It having been adjudicated that this will was invalid as suspending the vesting of the testator's real property during a period not allowed by the statute, the estate became at once divisible, and the widow's right to receive this annuity ceased, and she then became entitled to her dower in the real property.

I concur, therefore, in the modification of the judgment as proposed by Mr. Justice LAMBERT.

PATTERSON, P. J. (dissenting). I am in accord with the views expressed by the justice at Special Term respecting the construction to be given to the agreement entered into between the defendant Augusta Andree (Brown) and Paul S. Brown prior to their marriage. Limiting the interpretation of that agreement to the subject of dower, and without reference to any question that might arise respecting an interest of the widow in the personal estate of her deceased husband, it seems to me that the agreement can only be construed as a relinquishment by antenuptial agreement of her right of dower in the real estate of her husband and the substitution of a money recompense for her relinquishment of that dower.

The agreement recites that for and in consideration thereof and of certain sums of money to be paid to Augusta Andree by the party of the first part, and other valuable considerations, she promised to marry the party of the first part, and it was agreed that, if he died within three years, she should be paid by the executors of his will the sum of 3,000 Swedish crowns. If he lived five years, she was to receive 5,000 Swedish crowns or the equivalent in American money, and after his death to be paid $40 a month for her support until the division of his estate, "when she is to be paid in full as her widow's dower in full."

I think this provision specifically relates to dower as such, and that the amounts to be paid to her under the provisions of the agreement were in commutation of dower. The testator did make provision by his will for the $40 a month. By its terms that provision was to continue for about 26 years, and if the widow were to receive dower in addition to this provision for so long a time, the whole scheme of the will would be subverted, as it was all to be virtually in lieu of dower. The fact that the Court of Appeals declared this provision of the will to be invalid does not affect the construction to be given to the agreement. As I understand it, it relates to dower and was intended to relate to that subject, and was a complete acquiescence by the intended wife in the acceptance of a sum of money in lieu of dower.

I think, however, that some provision should be made in the judgment to the effect that it should not be a bar to the right of Mrs. Brown to assert any claim she may have to share in the personal estate of her deceased husband; and while the action is in partition and the judgment merely declares that the 3,000 Swedish crowns, or its equivalent, and the sum of $40 a month from the time of the death of her husband until the actual division of the estate shall be paid her in full for thirds, dower, and right of dower to all or any other interest described in the complaint, yet it might be claimed that it was an adjudication that all her interest in the estate was disposed of by the decree.

With such a provision inserted in the judgment, I am of the opinion that it should be affirmed.

HOUGHTON, J., concurs.