In the Matter of the Estate of JOHN CARNEVALE, Deceased.*

Surrogate's Court, Madison County, February 14, 1936.

---

* Revd., 247 App. Div. ——.

*Calli & Nemeti,* for Vincent L. Corona, as executor.

*Conley & Kiley,* for Mrs. Carmella Carnevale, widow.

*Clarence E. Conley,* for Filomena Aquino.

*W. W. Wilcox,* special guardian for Jennie Carnevale.

CAMPBELL, S.   This is an application for the construction of the will which was executed February 1, 1916.   Testator died a resident of Oneida, this county, on September 18, 1935, leaving a widow.

The provisions of the will with which this proceeding is concerned read as follows:

" *Second.* I give and bequeath unto Carmella Chiarullo, my housekeeper, all the income from my house and lot situate at 95 Stone Street in the City of Oneida, Madison County, New York so long as she is not living with any other man either as wife or housekeeper.

" *Third.* I give and bequeath all the rest, residue and remainder of my real and personal property to my legal heirs and next of kin."

The marriage between the testator and his surviving widow occurred the same day the will was executed and within a few hours thereafter.   The question for determination is as follows: What are the rights of the widow under the second and third paragraphs of the will?

We will consider the matter under three heads:

*First.* What is the effect of the subsequent marriage?

*Second.* Does the widow take any part of the estate under the third paragraph? and

*Third.* Has the widow dower rights in any of the real estate?

*First.* Section 35 of the Decedent Estate Law provides as follows: " Revocation by marriage. If after making any will, such testator marries, and the husband or wife survives the testator, such will shall be deemed revoked as to such survivor, unless provision shall have been made for such survivor by an ante nuptial agreement in writing; and such surviving husband or wife shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as he or she would have been, if such will had not been made.   Such husband or wife shall be entitled to such share or portion of the estate from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will. No evidence to rebut such presumption of revocation shall be received, except to show the existence of such ante nuptial agreement.   This section as amended shall apply only to wills executed prior to September first, nineteen hundred thirty; and wills executed

after such date shall not be affected in any way by the provisions of this section as heretofore contained herein or as amended."

This section was in effect at the time of the testator's death.

The provision that the widow is to receive the income from the house and lot so long as she is not living with any other man either as wife or housekeeper is open to broad interpretation. Either that testator was thinking of her as a prospective wife and his interest was greater than in the case of a mere housekeeper, or that in case she married again or became employed as a housekeeper, it would not be necessary for her support and maintenance that she have the income from the house and lot designated in the second paragraph.

The language of the will and the short time that elapsed between its execution and the marriage established an antenuptial agreement which is not revoked by the marriage. (*Matter of Gaffken*, 197 App. Div. 257; affd., 233 N. Y. 688; *Matter of Neufeld*, 145 Misc. 442; *Matter of Coppet*, 142 id. 816.)

*Second.* The third clause of the will gives and bequeaths the residue of the estate to the heirs at law and next of kin. Previous to August 31, 1930, the widow was considered neither an heir at law or next of kin. (*Murdock* v. *Ward*, 67 N. Y. 387; *Keteltas* v. *Keteltas*, 72 id. 312; *Tillman* v. *Davis*, 95 id. 17.)

It is the contention of the widow that she has a legal right to share in the distribution of the estate under section 83 of the Decedent Estate Law and that she may make an election under section 18 of the Decedent Estate Law. The law in force at the time of death should control in the distribution of the estate. (*Matter of Harned*, 138 Misc. 546; *Matter of Storum*, 220 App. Div. 472.)

Section 83 of the Decedent Estate Law provides that the real and personal property of a deceased person not devised or bequeathed shall descend one-third part to the surviving spouse and the residue in equal portions to the children and such persons as legally represent them if any have died before the deceased.

Section 81 of the Decedent Estate Law provides: " Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to° mean and include the persons entitled to take as provided by this article."

Should this section be interpreted to include the widow, it cannot apply here since the third paragraph of the will is a valid disposition. The antenuptial provision applies to this paragraph third as well as to the second paragraph  There are no grounds upon which we can find that this third paragraph was revoked and the testator died intestate; as to the residue, the will devised the residue equally among nine legatees, since there are nine children. Should the

widow take as she contends, she would be entitled to one-third under section 83 of the Decedent Estate Law. There is no warrant or authority for such contention that can be found in the will itself or under the Decedent Estate Law.

Since it is the contention that the widow may make her election, we must further consider the matter as it is affected by section 18 of the Decedent Estate Law, which provides as follows: " Election by surviving spouse against or in absence of testamentary provision. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section."

We find that it is only where a testator dies after August 31, 1930, *and leaves a will thereafter executed,* that a spouse may elect in accordance with this provision. The note of the Commission to Investigate Defects in the Law of Estates reads as follows: " The section as proposed gives an increased right to the surviving wife or husband in lieu of the existing rights of dower and curtesy. * * * The right of election has been limited to estates where the testator dies after August 31, 1930, *and leaves a will executed after that date.* It does not apply to wills executed on or before that date." (Legis. Doc. 1930, No. 69, p. 116; Id. 1929, No. 62, p. 6; Id. 1928, No. 70, pp. 12, 13.)

In *Matter of Greenberg* (141 Misc. 874; affd., 236 App. Div. 733; affd., 261 N. Y. 474) Surrogate WINGATE states as follows: " Disregarding for the present, the ' limitations, conditions and exceptions' referred to in the ast clause of the quotation, it is apparent that the right of election, on the wording of the statute, is conditioned on three, and only three matters, namely, that (1) testator died after August 31, 1930; (2) he left a surviving wife; and (3) he left a will executed after August 31, 1930."

The will having been executed prior to August 31, 1930, the widow has no election and does not take under the third paragraph of said instrument.

*Third.* In the case at bar there is no mention made of real estate except as to the house and lot contained in the second paragraph, whereby the widow was given the income. When there is no statement that a provision is made in lieu of dower, the question for determination is whether or not there is anything in the will that is inconsistent with a claim of dower; as to being in lieu of dower it is silent, and unless there is some implication to be made from the will, the widow is entitled to dower under certain conditions. The fact that the income is conditioned on her marriage or being

employed as a housekeeper may be interpreted as consistent with her right of dower since, as above noted, it may have been the intent of the testator to provide for her with the income only so long as it was necessary.

In *Konvalinka* v. *Schlegel* (104 N. Y. 125) it is stated: " The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred or believed, in view of all the circumstances, that if the attention of the testator had been drawn to the subject he would have expressly excluded dower. We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will."

Again, in *Matter of Fitter* (92 Misc. 706) the principle is very clearly elucidated: " It is held that the trust is not repugnant to the assertion of dower, unless it is apparent that the trust requires the possession and control by the trustee of the entire lands involved; and the courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands, which by their nature would require entry upon the premises and the complete and exclusive management thereof."

These principles are quoted and affirmed in *Matter of Fairchild* (138 Misc. 363). In this case one-third part of the estate was given in trust for the benefit of the wife. The executor was given power to lease, mortgage or sell all or any of the estate. The court further stated: " No duties are imposed upon the trustee, the exercise of which would be incompatible with the widow's right of dower."

In *Brown* v. *Brown* (41 N. Y. 507) the will provides that the widow should have the use of all the property as long as she should remain the widow of testator. The General Term held that the widow would be entitled to dower on the real estate of the testator, if by reason of her marriage she should lose the estate given *durante viduitate* by the will. The Court of Appeals modified and affirmed as modified, but did not discuss this phase of the case in its opinion.

Dower is favored by the law, and if there is a reasonable doubt as to whether the antenuptial agreement was made in lieu of dower, the widow will take both. (*Brown* v. *Brown,* 117 App. Div. 199; *Gray* v. *Gray,* 5 id. 132.)

Unless something contrary is contained in the will the widow is entitled to her dower rights in all the lands of which the husband was seized of an estate of inheritance at any time during the marriage prior to September 1, 1930. There being nothing in the will inconsistent with this claim such rights must be accorded her. (Real Prop. Law, §§ 190, 192; *Matter of Bachmann*, 151 Misc. 761, 763; *Matter of Harrison*, 147 id. 587.)

In accordance herewith I conclude that the widow is entitled to the income provided in paragraph second of the will and a dower interest in all other real estate of which the testator was seized of an estate of inheritance during the marriage and prior to September 1, 1930.

A decree may be submitted in accordance herewith.