In the Matter of the Accounting of JOSEPH GORDEN et al., as Executors of and Trustees under the Will of WILLIAM GORDEN, Deceased.

JOSEPH GORDEN et al., as Executors, etc., et al., Appellants; SUSAN GORDEN, Respondent.

WILL — WHEN CLAIM OF DOWER IS INCOMPATIBLE WITH TESTAMENT-ARY PROVISIONS FOR THE WIDOW.  Under a will devising all of testator's real property, constituting the bulk of his estate, to trustees until his youngest child, about one year old, shall become of age and directing that one-third of the net income, after paying expenses including insurance and repairs, shall be paid to the widow and the other two-thirds expended for the support and education of his children, and upon the expiration of the trust one-third to be conveyed to the widow during her life or widowhood and the other two-thirds to his children, and authorizing the trustees to sell all the real estate of which the testator died " seized and possessed " and to reinvest the proceeds " in such other real estate or profitable securities as to them shall seem proper for the preservation of the said estate and the carrying into effect of the trusts herein created," there is a manifest incompatibility between the provision of the will and a claim of dower by the widow, and she is not entitled thereto in addition to the provisions made for her benefit by the will.

*Matter of Gorden,* 68 App. Div. 388, modified.

(Argued June 9, 1902; decided October 7, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 30, 1902, which affirmed a decree of the Kings County Surrogate's Court settling the accounts of Joseph Gorden, Susan Gorden, Burt D. Harrington and Stephen M. Hoye, as executors of and trustees under the will of William Gorden, deceased.

William Gorden, a resident of the borough of Brooklyn, died in January, 1899, leaving him surviving a widow, twelve children and several grandchildren, the issue of a deceased daughter.  Seven of his children were infants and one was of unsound mind.  He left real estate, unincumbered, worth about $240,000, and personal property, which, aside from that

specifically bequeathed, was worth about $10,000. By his will, dated December 30th, 1898, after some bequests of minor importance, he gave to his wife the household furniture in his homestead, the implements, tools and chattels upon his farm, and all his domestic animals, wagons and vehicles. All the rest of his estate, both real and personal, of which he should die " seized and possessed," he gave to his executors in trust to collect the rents and profits, pay the expenses and keep the buildings insured and in repair, until his youngest child, an infant of tender years, should attain his majority. He directed his trustees to pay one-third of the net income to his widow and to pay and apply in their discretion the remaining two-thirds to the support, maintenance and education of his children, with a limitation in the case of his incompetent daughter to an annual expenditure of not exceeding $500. Upon the termination of the trust he required his trustees to retain one-third of the *corpus* of the estate for the use of his widow during her life, or so long as she should remain unmarried, and upon her decease or marriage said third was to be distributed as hereinafter mentioned. He directed that the remaining two thirds should be conveyed to his children, except that his trustees were required to set aside an amount large enough to secure an income sufficient to pay an annuity of not more than $500, to be expended for the support of his incompetent child, and upon her decease, if it should not occur until after the main distribution had been made, the principal and accumulated income were to revert back to and be distributed among his other children. The children of any deceased child were to take the parent's share. He gave his trustees full power to sell, mortgage and convey all or any part of his estate, real or personal, and directed them to reinvest the proceeds of any sale in such other real property or profitable securities as they should deem proper for the preservation of the estate and the carrying into effect of the trust created. He appointed four trustees, including his wife and one of his sons.

On the 30th of March, 1900, the widow began an action in

the Supreme Court for the admeasurement of her dower in the real estate, and the action was still pending when the decree appealed from was made.  Upon the accounting of the trustees before the surrogate, he decreed that they should retain in their possession one-third of the rents and profits of the real estate to await the final determination of said action, and adjudged that the widow was entitled to dower in addition to the provisions made for her benefit by the will.  Two of the trustees and several of the children appealed to the Appellate Division of the Supreme Court, where the decree of the surrogate was unanimously affirmed.  The appellants below now appeal to this court.

*William P. Pickett* for Joseph Gorden, as executor and trustee, appellant.  The intention of the testator was in case the widow should elect to claim dower, to exclude her from the other provisions of the will.  (*Asche* v. *Asche*, 113 N. Y. 234; *Konvalinka* v. *Schlegel*, 104 N. Y. 125; *Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Savage* v. *Burnham*, 17 N. Y. 561; *Tobias* v. *Ketchum*, 32 N. Y. 319; *Vernon* v. *Vernon*, 53 N. Y. 351; *Matter of Zahrt*, 94 N. Y. 605; *Lewis* v. *Smith*, 9 N. Y. 502; *Kimbel* v. *Kimbel*, 14 App. Div. 570; *Closs* v. *Eldert*, 30 App. Div. 338.)  The full and explicit power of sale contained in the 12th paragraph of the will indicates an intention on the part of the testator to give to the trustees complete power to sell or mortgage any part of the property free from the claim of dower.  (*Asche* v. *Asche*, 113 N. Y. 235.)

*Edward L. Somerville* for Stephen M. Hoye, as executor and trustee, appellant.  The testamentary provision for the widow was intended by the testator to be in lieu of her dower in his estate.  (*Closs* v. *Eldert*, 30 App. Div. 338; *Konvalinka* v. *Schlegel*, 104 N. Y. 135; *Lewis* v. *Smith*, 9 N. Y. 502; *Matter of Zahrt*, 94 N. Y. 610; *Le Fevre* v. *Toole*, 84 N. Y. 95; *Tobias* v. *Ketchum*, 32 N. Y. 319; *Savage* v. *Burnham*, 17 N. Y. 561.)

*George W. McKenzie* and *George P. Beebe* for respondent. The provisions of the will are to be construed as additional provisions during the time the widow remains unmarried. (*Harrison* v. *Harrison*, 1 Keen, 765 ; *Church* v. *Bull*, 2 Den. 430; *Wood* v. *Wood*, 5 Paige, 596 ; *Lasher* v. *Lasher*, 13 Barb. 106 ; *Sanford* v. *Jackson*, 10 Paige, 266 ; *Mills* v. *Mills*, 28 Barb. 455 ; *Dawson* v. *Bell*, 1 Keen, 761 ; *Matter of Smith*, 1 Misc. Rep. 276 ; Scribner on Dower [2d ed.], 456 ; 2 Jarm. on Wills, 24.) The scheme of the will can be substantially carried out if the widow should receive dower in addition to the provisions of the will. (*Kimbel* v. *Kimbel*, 14 App. Div. 570 ; *Closs* v. *Eldert*, 30 App. Div. 338; *Gibson* v. *Gibson*, 1 Drew. 52 ; *Matter of Frazer*, 92 N. Y. 250 ; *Konvalinka* v. *Schlegel*, 104 N. Y. 125.) The testator intended that the widow should receive the provisions of the will in addition to dower. (*Kimbel* v. *Kimbel*, 14 App. Div. 570; *Konvalinka* v. *Schlegel*, 104 N. Y. 125 ; *Gibson* v. *Gibson*, 1 Drew. 52; *Havens* v. *Havens*, 15 N. Y. 372; *Bending* v. *Bending*, 26 L. J. Ch. 469 ; *Ellis* v. *Ellis*, 3 Hare, 310.) The widow is entitled to the specific and absolute bequests contained in the 7th and 9th clauses of the will, even though she would be required to elect between the provisions of the 10th clause of the will and dower. (*Yates* v. *Fuller*, 8 Paige, 331.)

VANN, J. The only question argued before us is whether the widow of the testator is entitled to the provision made for her by her husband in his will in addition to dower in his real estate. If she was put to her election, she made it by commencing an action for the admeasurement of her dower. (L. 1896, ch. 546, § 180.; 2 Scribner on Dower [2nd ed.], 511.)

While dower is favored by the law, the right to both dower and the benefit of a testamentary provision must yield to the intention of the testator when expressly stated or clearly implied. If there is reasonable doubt the widow takes both, but when the intent to limit is clear she is put to her election. This intent must appear from the will itself, read in the light

of existing facts. " The claim of dower," said Chancellor
KENT, " must be inconsistent with the will and repugnant
to its dispositions, or some of them." (*Adsit* v. *Adsit*, 2
Johns. Ch. 448, 451.)

The language of learned judges in laying down the rule
upon the subject varies somewhat in form, and for conven-
ience in making comparison, we repeat it, as stated in the
leading cases in this court. It was laid down in an early case
as follows : " Where there is no direct expression of intention
that the provision shall be in lieu of dower, the question
always is whether the will contains any provision inconsist-
ent with the assertion of a right to demand a third of the
lands, to be set out by metes and bounds." (*Lewis* v. *Smith*,
9 N. Y. 502, 511.)

The next time the subject was before the court it was held
that the wife is not put to her election " unless it clearly
appears from the will that the provision made for her was
intended as a substitute for that to which she is entitled
by law. The intention need not be declared in express
words. It may be implied, if the claim of dower would be
plainly inconsistent with the will." (*Savage* v. *Burnham*, 17
N. Y. 561, 577.)

In *Tobias* v. *Ketchum* (32 N. Y. 319, 324) the test given is
that the devise of the will " be so repugnant to the claim of
dower that they cannot stand together."

In *Vernon* v. *Vernon* (53 N. Y. 357, 361) it was declared
that dower is not barred " unless the claim of dower is incon-
sistent with some other disposition of or arrangement made by
the testator in respect to his property, thereby showing an
intention to substitute the testamentary gift for the provision
which the law makes for her." The court then repeated with
apparent approval the following declaration of Lord REDES-
DALE, in *Birmingham* v. *Kirwan* (2 Sch. & Lef. 452) : " The
result of all the cases of implied intention seems to be that
the instrument must contain some provision inconsistent with
the assertion of a right to demand a third of the lands to be
set out by metes and bounds."

In *Matter of Zahrt* (94 N. Y. 605, 609) the court adopted the rule as laid down by Lord REDESDALE, *ipsissimis verbis.*

In *Konvalinka* v. *Schlegel* (104 N. Y. 125, 129) language was used which seems to have produced confusion in the minds of the learned judges below. We then said that in the absence of express words " there must be upon the face of the will a demonstration of the intention of the testator that the widow shall not take both dower and the provision. The will furnishes this demonstration only when it clearly appears without ambiguity or doubt that to permit the widow to claim both dower and the provision would interfere with the other dispositions and disturb the scheme of the testator, as manifested by his will. * * * We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will." This is simply a restatement of the old rule in somewhat different language, as appears in *Asche* v. *Asche* (113 N. Y. 232, 235) where it was declared that dower is excluded when " there is a manifest incompatibility between such provision and dower," and the *Konvalinka* case is cited among others to support the principle. This is the latest utterance by the court upon the subject to which our attention has been called.

We do not think that the rule has been extended or essentially varied during the past fifty years, for a manifest incompatibility must exist whenever the will contains provisions so inconsistent with the right of dower that if the widow had the benefit of both, it would defeat the intention of the testator. The question now before us, therefore, is whether there is a manifest incompatibility between the provisions of Mr. Gorden's will and the claim of dower by his widow. Where a valid trust is created covering all the real estate of the testator we have always held it to be inconsistent with the right of the widow to manage or control any part of the realty. Thus in *Savage* v. *Burnham* it was said : " In this case the testator devised and bequeathed all his estate, real and personal, to

trustees, the real estate upon trust to sell after the death of his wife. During her life she was to have one-third of the clear rents and profits, and the other two-thirds were to go into the general trust fund for distribution. The entire estate, with all its income, except the one-third of the rents and profits of the land, is given, in the clearest possible terms, to the testator's children and the children of his daughters. It is, therefore, impossible for her to receive any part of it, except what is there expressly given to her, without subverting the will to that extent. If no provision had been made for her, she would have been entitled to have one-third of the real estate set off to her during life, and in this she would have held the legal estate. Inconsistently with this, the will gives the legal estate in all the lands to trustees, and directs that she shall have one-third of the rents; the other two-thirds to go into a personal fund for distribution. A claim of dower in the same lands cannot stand with these provisions, and we must, therefore, hold that the widow was bound to elect whether she would take her dower or the provision in her favor made by the will." (p. 577.)

In *Tobias* v. *Ketchum* the testator empowered his executors to rent, lease, repair and insure his real estate, until sold or divided, and out of the rents and profits to pay the provision made for the widow, and it was held a devise to them of the legal estate in trust and inconsistent with the claim of dower therein. The widow was accordingly put to her election.

In *Vernon* v. *Vernon* the same learned judge who wrote the opinion in the *Konvalinka* case said: "The testator devised to his wife in fee a portion of the lands of which she was dowable. He devised all his remaining lands (except his reversionary interest in Scotland House) to trustees charged with the payment to her of an annuity for life out of the rents and profits, to pay which requires more than the income from the property; and he declares that the annuity is given to her for her maintenance and the education and maintenance of her children. It is not necessary in this case to decide

whether these circumstances conjoined show the 'manifest intent' requisite to bar the widow of her dower.  *  *  * The provision that the executors may sell the stores at a price fixed by him in the will, or take a conveyance from his brother Thomas, of the moiety owned by him, at the same price in the adjustment of the testator's interest in the firm of Vernon Brothers & Co., clearly indicates that the power intended to be given by the testator to his executors was a power to transfer, in case of sale, the whole title free from any claim of dower. This provision is inconsistent with the widow's claim of dower, and she was put to her election." (p. 362.)

In the *Zahrt* case the obligation to keep the buildings and personal property insured and pay all taxes and keep the estate in good repair was held inconsistent with the assertion of a dower right.

In the *Konvalinka* case the widow was not put to her election because the devise to the executors was void as a trust, although valid as a power in trust, and the lands vested in the heirs subject to the execution of the power. The trustees had neither title nor control. It was declared that the execution of the power was not inconsistent with the dower interest as a sale could be made subject thereto. There was no disposition of the income and this feature was relied upon to distinguish the case from *Savage* v. *Burnham* and *Tobias* v. *Ketchum*.

While a mere power of sale, to be promptly exercised for the purpose of distribution, does not put the widow to her election, the vesting of title in trustees not only with power to sell and reinvest, but with special directions as to control and management and the payment over of the annual income to the widow and children, during the term of the trust, we regard as sufficient. Thus, in the latest case decided by us, we held that the creation of a trust and the vesting of title to the realty in trustees was inconsistent with an implied right upon the part of the widow to manage and control any part of the estate. (*Asche* v. *Asche*, *supra*.) When a testator

devises all his real property, constituting the bulk of his estate, to trustees until his youngest child, about one year old, shall become of age and directs that one-third of the net income, after paying expenses, including insurance and repairs, be paid to the widow and the other two-thirds expended for the support and education of his children, and, upon the expiration of the trust, one-third to be conveyed to the widow during her life or widowhood, and the other two-thirds to his children, there is a manifest incompatibility between the provisions of the will and a claim of dower. By allowing the latter the scheme of the will would be defeated, for that intrusts the control and management of the entire estate to trustees, while the right to dower carries with it the control and management of one-third of the realty during the life of the dowager.

The right to mortgage and to sell and reinvest, as given by the will before us, is inconsistent with the claim of dower. The trustees were authorized to sell all the real estate of which the testator died "seized and possessed," and to reinvest the proceeds "in such other real estate or profitable securities as to them shall seem proper for the preservation of said estate and the carrying into effect of the trusts herein created." He thus necessarily contemplated the conveyance of the entire title and the keeping together of the whole estate for the benefit of the trust. As was said in the *Asche* case : "The absolute power of sale conferred upon the executors was evidently not intended to be limited or impaired by an inability on their part to convey a good title to the whole of such real estate, and the purposes of the will required such sale to be made unhampered by obstructions which might be interposed by conflicting interests in the property." (p. 235.) (See, also, *Le Fevre* v. *Toole*, 84 N. Y. 95.)

Furthermore the direction " to keep the real estate in repair and to insure against loss by fire," manifestly meant the entire estate, not two-thirds thereof, for no division in the management, possession or control was in contemplation. As we said in

*Tobias* v. *Ketchum* (*supra*) of the widow there, so we may say of the widow here, that " her claim of dower, if allowed, would inevitably defeat the scheme of the will, for it would prevent the trustees from holding the legal title of the whole estate and receiving the entire rents and profits for the purpose of paying assessments, interest, repairs and insurance and ascertaining the net income, of which one-third is to be paid to the widow and the residue ultimately to the other beneficiaries." (p. 327.) Then again the limitation by the testator of the expenditure for the benefit of his unfortunate child to a sum not exceeding $500, indicates that he expected and intended that her proportion of the income should be at least that sum, which could hardly be the case if the claim of dower is sustained.

In our opinion it is manifest from the carefully devised plan to invest the trustees with the continuous management of all the real estate for a long term of years, that the testator did not intend that one-third of his estate should be placed in the possession and under the control of the widow, and at the same time that she should receive one-third of the income derived from the two-thirds then remaining. He did not intend that five-ninths of the income should go to her, while only one-twenty-seventh went to each of his twelve children. Such a construction would be in contradiction of the will and would disappoint the intention of the testator. We think that the dispositions of the will cannot " be fulfilled consistently with the operation of the claim of dower," and, therefore, so much of the order of the Appellate Division and the decree of the surrogate as in effect allowed the widow one third of the rents and profits of the estate should be reversed and the proceedings remitted to the surrogate with instructions to modify and readjust his decree accordingly, with one bill of costs to the appellants against the respondent in all courts.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Ordered accordingly.