### ORTH v. HAGGERTY et al.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. WILLS—CONSTRUCTION — INTENTION OF TESTATOR — ASCERTAINMENT FROM WORDS OF WILL.

Where the language of a will is not ambiguous, it should be given its ordinary meaning in ascertaining the testator's intention.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 974.]

2. SAME—BARRING WIDOW'S DOWER.

To bar a widow's dower, the testator must have intended such a result, and such intention must clearly appear, and the acceptance of a legacy by the widow will not bar her claim of dower unless the claim is inconsistent with and repugnant to the provisions of the will respecting the disposition of the real estate, but, if there is a reasonable doubt as to the testator's intention in that regard, the widow takes both the dower and legacy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2018–2033.]

3. SAME—ELECTION BETWEEN DOWER AND BEQUEST.

Where a will leaves a bequest to the widow and disposes of the real estate in a manner to clearly indicate an intention that the use of one-third of it should not belong to the widow, she is put to her election between the bequest and her claim for dower ; and, if she elects to take the bequest, she cannot have the dower.

4. SAME.

A will gave testator's wife the income during her life of a fund, with the privilege of using the principal if necessary for her comfortable support. All the real estate was given to testator's two great-grandchildren. If testator died before they attained their majority, the real estate was to remain in the executor's hands until the youngest attained majority,

when the accumulated profits should be paid to the great-grandchildren, less expenses of conducting the trust. *Held,* that the testator intended the entire real estate to go to the great-grandchildren, and the widow, having accepted the bequest to her, could not also claim dower.

Appeal from Equity Term, Livingston County.

Action for dower by Mary Bowen Orth against William Bowen Haggerty and others. The plaintiff died pending the action, and it was continued by her executor, George Orth. Judgment for plaintiff and defendants appeal. Reversed, and new trial ordered.

The action was commenced on the 26th day of June, 1902, by Mary Bowen Orth (since deceased), then the wife of plaintiff and the widow of William Bowen, who died on the 25th day of August, 1899, leaving a last will and testament, which was duly admitted to probate, to recover dower in the lands which he owned in his lifetime. The defenses set up were: First, that the provision for the said Mary Bowen Orth in the will of her husband was intended to be and was in lieu of all dower in the lands owned by him; and, second, the statute of limitations. The action was begun against William Bowen Haggerty and John J. Haggerty, Jr., the great-grandsons of the testator, then infants under the age of 14 years, and his only heirs at law, and John J. Haggerty individually and as executor and trustee under the will of the testator, William Bowen. Edward Haggerty, George Swingle, and Cynthia Burdoff were also named as defendants, because, as alleged, they were in the possession of real estate described in the complaint, or some portion thereof, and were occupying the same as tenants. On the 25th day of January, 1904, an interlocutory judgment was granted and duly entered against said defendants by default, which was practically the same as the one which is sought to be reviewed upon this appeal. During the pendency of the hearing before the referee designated by such interlocutory judgment so entered upon default, and on the 27th day of May, 1904, said Mary Bowen Orth died, leaving a last will and testament by which this plaintiff, George Orth, was named as executor, and thereafter letters testamentary were duly issued to him, and by order of the court made on the 27th day of March, 1905, he, as executor, was substituted as plaintiff and authorized to continue the action in the place of Mary Bowen Orth, deceased. Thereafter, and on the 1st day of April, 1905, the then defendant, John J. Haggerty, was removed by the surrogate of Livingston county as executor and trustee, and the defendant Fitch M. Davis was duly appointed administrator with the will annexed, and by order of the court made on the 17th day of April, 1905, said Davis, as such administrator, was duly substituted as defendant in the place of said John J. Haggerty, removed. On the 3d day of May, 1905, on motion of the defendant Fitch M. Davis, as administrator, the default taken against the defendant, upon which the interlocutory judgment had been entered, was opened, and such interlocutory judgment was vacated and set aside, upon condition, however, that the right of the plaintiff to recover damages for the withholding of the dower of his testatrix should be held not to be affected in any manner by the death of said testatrix, but that, if it should be determined that she was entitled to dower at the time of the commencement of the action, then the plaintiff might recover the damages for withholding the same precisely as if such interlocutory judgment had not been vacated, and upon the further condition that said Davis, as administrator, pay certain costs and expenses, which conditions were accepted by defendants. Thereupon the plaintiff served the amended complaint herein upon the defendant Davis as administrator with the will annexed, and also upon William A. Sutherland, guardian ad litem for the infant defendants William Bowen Haggerty and John J. Haggerty, Jr. Answers were served for and on behalf of said infants and said defendant Davis as administrator, setting forth practically the same defenses that were interposed to the original complaint. The estate of William Bowen, deceased, consisted of $43,000 of personal property and real estate valued at $8,547.96. The chief question presented by this appeal is whether plaintiff's testatrix, the widow of William Bowen, deceased, was entitled to dower in the lands of which he died seised; she having concededly accepted during her lifetime

the fruits of a provision contained in the will of William Bowen made for her benefit. The answer to the question depends solely upon the interpretation which should be given to the language of the will; there being no conflict of evidence as to the facts.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

Edwin A. Nash, for appellants.
William De Graff, for respondent.

McLENNAN, P. J. The sole provision for the benefit of Mary Bowen Orth, the widow of William Bowen, deceased, expressed in his will, was a gift of the income, during her life, of a fund of $10,000, with the further direction that she should have the right to use the whole or any part of the principal of such fund, if "at any time necessary for her comfortable support and maintenance." Between the time of the probate of the will and the death of plaintiff's testatrix there had been paid to her at different times by the executor and trustee, as income of said $10,000 trust fund, the sum of $1,875, and the same was accepted by her as such income. The clause of the will which disposes of the real estate of which William Bowen died seised is as follows:

"First. After the payment of all my debts, if any there shall be, my funeral expenses and the costs of administering my estate, I give, devise, and bequeath unto my two great-grandchildren all of the real estate of which I may die seized and possessed and wheresoever situate to be divided equally between them, the two great-grandchildren hereinbefore referred to and to whom this devise is made being William Bowen Haggerty and John J. Haggerty.

"Upon my decease before said children arrive at the age of twenty-one years, said real estate shall remain in the hands of my executor hereinafter named until the youngest of said children shall arrive at the age of twenty-one years, said executor to accumulate the rents and profits thereof and at the arrival of said youngest child at the age of twenty-one, said executors shall account to and pay over said accumulation to said great-grandchildren, less his expenses for necessary repairs and improvements which he is authorized to make, and also a liberal allowance for his services in executing such trust. Also all expenses and disbursements of conducting said trust." -

It is the appellants' contention that from the language employed by the testator in disposing of his real estate, and providing for the support and maintenance of his wife during her life, it ought to be held that he did not intend that the widow should enjoy the fruits of the legacy given to her, and be entitled to demand in addition dower in the real estate. The will does not in express terms state that the provision for the support and maintenance of the wife shall be in lieu of dower and there are no facts disclosed by the record, which, independent of the will itself, throw any light upon the testator's intention. The language, however, we think is not ambiguous, and, if not, it should be given its ordinary meaning in ascertaining the testator's intention, which, in such cases, is always the essential thing to be determined. The only legacy given by the testator to his wife was the income of $10,000 during her life, with the right to demand the whole or any part of the principal sum if necessary for her comfortable support and maintenance. We are not informed, and it would not be proper to inquire, whether or not the provision thus made was suitable and ample,

although it does appear that her necessities did not require her to use the entire income of the fund. Of course, if there was no other provision in the will indicating a contrary intention, the widow would be entitled to her dower wholly irrespective of the amount of the bequest to her. The rule is well settled that to bar a widow's dower the testator must have intended such a result and such intention must clearly appear. To bar a claim of dower because of the acceptance of a legacy, such claim must be inconsistent with and repugnant to the provisions of the will respecting the disposition of the real estate. Adsit v. Adsit, 2 Johns. Ch. 450, 7 Am. Dec. 539. And, if there is a reasonable doubt as to the testator's intention in that regard the widow takes both dower and the legacy. Matter of Gorden, 172 N. Y. 25, 28, 64 N. E. 753, 92 Am. St. Rep. 689. But it is equally well settled that, where the real estate of a testator is disposed of by will in such manner as to clearly indicate that he did not intend that the use of one-third of it should belong to the widow, she is put to her election as between a bequest for her benefit and her claim for dower, and, if she elects to take the former, she cannot have the latter.

In Asche v. Asche, 113 N. Y. 232, 235, 21 N. E. 70, 71, the court said:

"Although there is no express language providing that the bequest to the widow shall be in lieu of dower, yet, where there is a manifest incompatibility between such provision and dower, it is held she cannot take both, and is put to her election between them"—citing Vernon v. Vernon, 53 N. Y. 351; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494; Matter of Zahrt, 94 N. Y. 605.

The provision of the will which is here the subject of controversy, relating to the disposition of the testator's real estate, should be considered as a whole, and, if so considered, it seems to me that the intention of the testator respecting it is plain and absolutely free from doubt. I interpret the language of the provision to be that in case the testator survived the period when his youngest great-grandson should reach the age of 21 years, then, upon the testator's death, all his real estate should immediately go to his two great-grandsons, share and share alike. But, in case he died before his youngest great-grandson should become 21 years of age, then such real estate went to the executor in trust, to be held by him until such time, and, in such event, the executor was directed "to accumulate the rents and profits thereof and at the arrival of said youngest child to the age of twenty-one, said executor shall account to and pay over said accumulation to said great-grandchildren, less his expenses for necessary repairs and improvements which he is authorized to make, and also a liberal allowance for his services in executing such trust. Also all expenses and disbursements of conducting said trust." The purpose of the testator, which, as it seems to me, is very clearly expressed, was to prevent his great-grandsons from coming into the possession of the real estate until the youngest of them became 21 years of age. In case he survived such date, no trust was necessary; but, if he did not, then he considered it prudent to create a trust and to name a trustee, who should be charged with the duty of taking possession of, and of controlling, managing, and

improving such real property, collecting the rents and profits, and then to turn it all over to such great-grandsons when the youngest should reach the age of 21 years. By the provision in question the trustee was directed to take possession of, control, manage, and improve the entire real estate of which the testator should die seised, not two-thirds of it, or any less than the whole. The trustee was directed to take possession of all of the real estate, to manage, keep in repair and improve the whole of it, and to accumulate the income arising from it all during the minority of the youngest great-grandson. To hold that the widow in such case was entitled to the possession and use of one-third of such real estate during her natural life, or, in case it could not be divided, to compel a sale to the end that she might receive the value of her dower, would interfere with and practically nullify the scheme of the testator respecting the disposition of his real property.

In Tobias v. Ketchum, 32 N. Y. 319, the testator empowered his executors to rent, lease, repair, and insure his real estate until sold or divided, and out of the rents and profits to pay the provision made for the widow, and it was held a devise to them of the legal estate in trust, and inconsistent with the claim of dower therein. The widow was accordingly put to her election. In the Zahrt Case, supra, the obligation imposed by the testator to keep the buildings insured, pay all taxes, and keep the estate in good repair was held inconsistent with the assertion of a dower right. As was said in Matter of Gorden, 172 N. Y. 33, 64 N. E. 756, 92 Am. St. Rep. 689:

"Furthermore, the direction 'to keep the real estate in repair and to insure against loss by fire' manifestly meant the entire estate, not two-thirds thereof, for no division in the management, possession, or control was in contemplation."

We conclude that it was clearly the intention of the testator that his entire real estate should be held in trust by the executor until his youngest great-grandson should become of age; that such executor should manage and control it all, repair and improve it as a whole, and when such youngest child reached the age of 21, that the whole of such real estate should be turned over to him and his brother, share and share alike, together with the accumulated income therefrom, after deducting the amount expended for repairs, improvements, and expenses and a "liberal allowance for his services in executing such trust," and that such intention thus clearly expressed by the language of the will was incompatible with and repugnant to the idea that the widow should be entitled to the possession of one-third of such real estate during her natural life, or the value of such use in case it could not be divided. The interpretation of the will contended for by the respondent would, as it seems to me, nullify the intent and scheme of the testator in the disposition of his real property as manifested by his will, and we conclude that, plaintiff's testatrix having accepted the legacy bequeathed to her, she was not entitled to dower in the premises of which her husband died seised. Having thus concluded, we deem it unnecessary to consider the other questions raised by the appellants upon this appeal.

It follows that the final and interlocutory judgments should be reversed and a new trial granted, with costs to the defendants to abide event.

Final and interlocutory judgments reversed, and new trial granted, with costs to the defendants to abide event. All concur.