(92 Misc. Rep. 706)

### In re FITTER et al.

### In re KROGMANN'S WILL.

(Surrogate's Court, Kings County.   December, 1915.)

1. WILLS ⬤⟿782—DEVISE IN TRUST—DOWER.
    Where lands are devised in trust, to be invested and held for the benefit of testator's widow for life, her dower is preserved, unless there is an obvious incompatibility between the actual assignment of dower and the complete operation of the trust.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ⬤⟿782.]

2. WILLS ⬤⟿782—DEVISE IN TRUST—DOWER.
    A devise of lands to testator's widow in trust is not repugnant to the assertion of dower, unless it appears that the trust requires the possession and control by the trustee of the entire lands involved.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ⬤⟿782.]

3. WILLS ⬤⟿782—DEVISE IN TRUST—DOWER.
    Where a will devised to testator's widow a life estate in certain premises, and gave in trust a certain sum to be invested and held for her benefit during her life, and provided that on her death the premises and such sum should go to testator's children equally, and further provided that the remainder of his estate should be divided in equal parts between his children, the children of any deceased child taking the parent's share, subject to conditions requiring that the shares of testator's daughters be held in trust, and that an advance to one son be deducted from his share, testator's widow was entitled to the benefit of the provisions in her favor contained in the will, in addition to her dower; the operation of the trust in her favor and the assertion of dower not being repugnant to any disclosed purpose of testator.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ⬤⟿782.]

4. EXECUTORS AND ADMINISTRATORS ⊜⟞150—DUTY OF EXECUTORS—RENEWAL OF LEASE.

> Where a will gave the executors power to continue testator's business on leased premises, on which he had erected buildings, it was their duty to avail themselves of a privilege to renew the lease, not only as an incident to the exercise of such power, but as a prudent means of retaining the interest of the estate in the buildings.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 607–613; Dec. Dig. ⊜⟞150.]

In the matter of the petition of Frederick F. Fitter and others, as sole acting executors and trustees under the last will and testament of John H. Krogmann, to render and settle their account as such executors and trustees. Decreed according to opinion.

Otto F. Struse, of Brooklyn, for executors.
James M. Gray, of Brooklyn, special guardian.

KETCHAM, S. The will under which the accountants were appointed, in its second paragraph, contains a devise of a certain house and premises to the wife for life, and a gift in trust of $8,000, to be invested and held for the benefit of the wife during her life. It is then provided that after the death of the wife the premises and the principal of the said sum of $8,000 are given to the testator's children equally. The third paragraph is as follows:

> "All the rest, residue and remainder of my estate, of whatever kind and nature and wherever situated, I do direct my executors to divide into as many equal parts or shares as I may have children at the time of my death, and I give, devise and bequeath one of such equal parts or shares to each of my children, the children of any deceased child to take the share to which their parent would have been entitled if living: Provided, however, that the shares of my daughter or daughters shall be held separately in trust for them by my executors and invested and kept invested, and the net income derived therefrom paid over to them during their natural lives; and on their death the principal of their shares I direct to be divided among their children; and provided further that inasmuch as my son Clarence Krogmann has received seven hundred dollars more than my other children, I direct that that amount be deducted from any share to which he would otherwise be entitled."

The will appoints executors, and then provides as follows:

> "And I hereby authorize and empower [the executors] to sell and dispose of the whole or any part of my real estate, if, in their judgment, it shall appear to be for the best interests of my estate to do so, and to make, execute and deliver good and sufficient deeds of conveyance to the purchaser or purchasers thereof."

The testator died seised of several parcels of land besides the premises mentioned in the second paragraph of his will. It becomes necessary to determine whether the testator intended that his widow should have the benefit of the provisions in her favor contained in the will in addition to her dower.

[1-3] Where, in the absence of an express provision in the will, this question is provoked by a devise of lands in trust, the rule is that the dower is preserved, unless there is an obvious incompatibility between the actual assignment of dower and the complete operation of the

trust. It is held that the trust is not repugnant to the assertion of dower, unless it is apparent that the trust requires the possession and control by the trustee of the entire lands involved; and the courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands, which by their nature would require entry upon the premises and the complete and exclusive management thereof. Thus the duty to make repairs and improvements, to insure buildings, to mortgage and to lease, or otherwise deal with the premises in a manner which would be impossible if there were an assignment of dower by metes and bounds, has been held to be controlling evidence of an intention to exclude the widow from any right or relation to the lands. Matter of Gordon, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Matter of Zahrt, 94 N. Y. 605; Tobias v. Ketchum, 32 N. Y. 319; Matter of Gale, 83 Misc. Rep. 686, 145 N. Y. Supp. 301, and cases cited.

In the case at bar no such indication appears. Here nothing of the devise in trust will fail of effect if the right of dower be recognized and assigned. The operation of the trust and the assertion of dower may coincide without offense to any purpose which the testator discloses. In this view the accountants have proceeded properly in their payments to the widow from the income of the lands which were the subject of the trust, and the objection in that behalf is overruled.

[4] The objection to the renewal of the lease of which the decedent died possessed is overruled. It was within the duty of the executors to avail themselves of the privilege of renewal, not only as an incident to the exercise of the power given them to continue the testator's business in the premises which he held under the lease, but generally as a prudent means of retaining the interest of the estate in the buildings erected upon the leased premises. The decree should conform to these views.

Decreed accordingly.