AIMEE M. RUBENSTEIN, Plaintiff, *v.* LEVI W. RUBENSTEIN, Defendant.

Third Department, November 17, 1927.

**Dower — election — testator devised all property in trust for benefit of widow — will gave executors power to lease mortgage or sell — will is inconsistent with right to dower — widow must elect — annual rent received on lease assigned by testator at " increased rental " is principal.**

The testator devised all his property in trust for the benefit of the widow, plaintiff in this action who, with defendant, were made executors and trustees. The will gave the executors the power to mortgage, lease or sell any or all of the property in their discretion. A portion of the real property has been sold

and the plaintiff claims her dower right in said real estate in addition to the entire income paid to her under the trust provision of the will. While there is no direct expression in the will excluding the plaintiff from her dower right in the property, such intention may be implied from the fact that the claim of dower is inconsistent with the will, since the management of the entire estate by the trustees will be deemed to be inconsistent with the divided responsibility and participation by one trustee claiming a dower interest. This is particularly true in this case in which the will not only empowers the executor to sell or mortgage but also to lease the real estate. The plaintiff must make her election either to take her dower or to take the income provided in the trust provision.

The testator was the owner of a long term lease of certain property which, prior to his death he sold and assigned " at an increased rental of $1,200 per annum." The $1,200 received as " increased rental " is a part of the principal of the estate of the testator and not a part of the income.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

The will of Lazarus Rubenstein was admitted to probate September 16, 1925. After several provisions unimportant in this controversy the testator in the 6th paragraph of the will provided as follows: " I give, devise and bequeath unto my executors and trustees hereinafter named, in trust nevertheless, the rest, residue and remainder of my estate to pay the income thereof to my beloved wife Aimee M. Rubenstein, as long as she shall live, or until she shall remarry, in which latter event I direct my executors and trustees to pay to my said wife a sum not to exceed one-third of the net income of my estate." The 7th and 8th paragraphs of the will provided for the disposition of his property after the death of his wife, which 7th and 8th paragraphs are also immaterial to this discussion. The 9th paragraph is as follows: " I hereby empower my executors hereinafter named to mortgage, sell or lease any and all real estate which I may own at the time of my death, they to either mortgage, sell or lease at such times and for such amounts and for such terms as they in their best judgment shall think fit and proper; and I also empower my executors hereinafter named to dispose of any and all securities and convert the same into cash, whenever they, in their best judgment, shall think proper." The plaintiff and the defendant are the duly qualified trustees appointed in said will and are still acting as such trustees. The plaintiff, who is the widow of the testator, has been in receipt of the entire income of the estate pursuant to paragraph 6 of the will and has not remarried. The testator left no descendant him surviving. Further facts appear in the opinion.

*William Rubin,* for the plaintiff.

*Jacobson & Pollock* [*H. Louis Jacobson* of counsel], for the defendant.

COCHRANE, P. J.   Two questions are presented for our determination.   The first question arises from the fact that under the 9th paragraph of the will the trustees conveyed a two-story brick dwelling house in the city of Schenectady owned by the testator at the time of his death for the sum of $25,462.50.   Plaintiff, as the widow of the testator, claims the value of her dower right in said real estate in addition to the entire income paid to her under paragraph 6 of the will.   Defendant, as one of the trustees, claims that she must make her election either as to the value of her dower right or as to the said income.

Dower is fundamentally favored by the law.   The rule is well established that where there is no direct expression of intention in the will that the testamentary provisions shall be in lieu of dower the question is whether the will contains any provision inconsistent with the assertion of a dower right.   There is here no direct expression in the will excluding the plaintiff from her dower right.   But the intention to exclude her though not expressed may be implied if the claim of dower is inconsistent with the will.   In *Matter of Gorden* (172 N. Y. 25) the court reviewed the authorities on the subject and cited with approval the following declaration of Lord REDESDALE in *Birmingham* v. *Kirwan* (2 Sch. & Lef. 453): " The result of all the cases of implied intention seems to be that the instrument must contain some provision inconsistent with the assertion of a right to demand a third of the lands to be set out by metes and bounds."   After thus declaring the rule the court said: " Where a valid trust is created covering *all the real estate* of the testator we have always held it to be inconsistent with the right of the widow to manage or control any part of the realty." (Italics ours.)   In that case as in this the widow was one of the trustees.   The trust in the present case includes all the real estate of the testator.   The management of the entire estate by trustees, keeping the property in repair, paying taxes and insurance, collecting the income therefrom, and distributing the same, is deemed to be inconsistent with the divided responsibility and participation by one claiming a dower interest.   Particularly is this so where as in the present case the trustees are empowered not only to sell or mortgage but also to lease the real estate.   The case of *Konvalinka* v. *Schlegel* (104 N. Y. 125), relied on by plaintiff, has no pertinency.   There was no valid trust in that case but only a power to sell.   The lands descended to the heirs subject to the execution of such power.   We think in the present case the plaintiff must make her election either to take her dower or to take the income provided for in paragraph 6 of the will.   She cannot have both.

The second question arises from the fact that the testator, being

the owner of a lease for twenty-one years of certain property known as the Stanford Block in the city of Schenectady, assigned said lease " at an increased rental of $1,200 per annum." The plaintiff claims that this $1,200 per year is income to which she is entitled, while the defendant claims that it constitutes a part of the corpus of the estate. The lease was an estate for years and like an estate in fee or an estate for life was alienable. The testator sold it. His interest therein ceased. The principle does not differ from the sale of an estate in fee. Had the purchase price of the lease been paid in a lump sum obviously it would constitute part of the corpus of the estate. It makes no difference that the purchase price instead of being paid at one time is paid in annual installments. The $1,200 per annum is not " rental " in any proper sense of the term but is the purchase price on the sale of an interest in real estate paid in installments extending over a period of years. The testator when he died had no interest in the leased property but owned a claim against the purchaser of the lease amounting to $1,200 annually. It follows that the annual payments constitute corpus.

Judgment should be rendered in favor of the defendant on both questions propounded, without costs.

VAN KIRK, MCCANN, DAVIS and WHITMYER, JJ., concur.

Judgment rendered in favor of the defendant on both questions propounded, without costs.