In the Matter of the Estate of JULIAN D. FAIRCHILD, Deceased.

Surrogate's Court, Kings County, November 13, 1930.

*Brower, Brower & Brower*, for the petitioner.

*John J. Fitzgerald*, special guardian for Constance Creason, Helen Louise Fairchild, Julian D. Fairchild, 2d, and John Fitch Fairchild, infants.

WINGATE, S. The sole question of law presented upon this accounting is whether or not decedent's widow is entitled to dower in the lands of which her husband died seized or whether she is put to an election between her dower interest and the benefits conferred by the will. The estate is reasonably sizable, amounting to well over $2,000,000. At the time of his death testator owned his residence at 845 Carroll street, Brooklyn, with garage at 833 Union street, which were devised to the widow in fee. As disclosed by the account, the only additional realty was certain property at Bay Shore, N. Y., appraised at $50,000, a portion of which has been sold, premises 1118 East Thirty-eighth street, Brooklyn, appraised at $7,000, and some Long Beach property, appraised at $35,000. The total value of the realty of the estate, aside from that specifically devised, was, therefore, $92,000. It further appears that the personalty, excluding specific bequests, amounted to $2,146,944.86. The realty, therefore, constituted about four and one-tenth per cent of the entire estate at the date of death.

After the usual direction for payment of debts and the devises to the widow, above noted, the will provided: " I give and bequeath to the Kings County Trust Company one-third share or part of the remainder of my estate, in trust " for life to his wife with remainder to testator's descendants *per stirpes*.

He next gave and bequeathed a second third to the King's County Trust Company in trust for his daughter, for life, with remainder over, and then made the direction: " I give, devise and bequeath " the final one-third absolutely to his son.

The " fifth " item, after appointing his wife and son executors, authorized " them or the trustee herein appointed at discretion to sell or to continue to hold without liability for depreciation, any

of the securities I may be possessed of at my death. I also authorize and empower my executors to sell, mortgage or lease any or all of my estate, real or personal, at such times and on such terms at either public or private sale, as in their judgment may seem advisable."

The rule respecting the right of a widow to receive dower in addition to testamentary benefactions is clear and has been repeatedly restated by authoritative decisions which are largely reviewed in *Matter of Gorden* (172 N. Y. 25). As therein stated (at p. 28), the controlling principle is as follows: " While dower is favored by the law, the right to both dower and the benefit of a testamentary provision must yield to the intention of the testator when expressly stated or clearly implied. If there is reasonable doubt the widow takes both, but when the intent to limit is clear she is put to her election. This intent must appear from the will itself, read in the light of existing facts."

It is said in *Konvalinka* v. *Schlegel* (104 N. Y. 125, 129): " Dower is favored. It is never excluded by a provision for a wife, except by express words or by necessary implication. Where there are no express words there must be upon the face of the will a demonstration of the intention of the testator that the widow shall not take both dower and the provision. The will furnishes this demonstration only when it clearly appears without ambiguity or doubt, that to permit the widow to claim both dower and the provision would interfere with the other dispositions and disturb the scheme of the testator, as manifested by his will. The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangment, or even because it may be inferred or believed, in view of all the circumstances, that if the attention of the testator had been drawn to the subject he would have expressly excluded dower. We repeat, the only sufficient and adequate demonstration which, in the absence of express words will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will."

The most frequent type of case in which such " clear incompatibility " has been held to exist is referred to in *Matter of Gorden* (172 N. Y. 25, 32): " While a mere power of sale, to be promptly exercised for the purpose of distribution, does not put the widow to her election, the vesting of title in trustees not only with power to sell and reinvest, but with special directions as to control and

management and the payment over of the annual income to the widow and children, during the term of the trust, we regard as sufficient."

This principle is further elucidated in *Matter of Fitter* (92 Misc. 706, 708): " It is held that the trust is not repugnant to the assertion of dower, unless it is apparent that the trust requires the possession and control by the trustee of the entire lands involved; and the courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands, which by their nature would require entry upon the premises and the complete and exclusive management thereof."

It must be apparent that within the rules just considered there is no such " clear incompatibility " in the will at bar as would require an election by the widow. The executors and trustee are different persons. While powers over the real estate are given to the executors, they are withheld from the trustee and it seems apparent that testator's intent in this direction was to grant such executors " a mere power of sale, to be promptly exercised for the purpose of distribution " within. the language of the Court of Appeals in *Matter of Gorden*, last quoted. This is further borne out by the fact that the dispositive language in connection with both trusts is " give and bequeath," which circumstance is entitled to weight in view of the apparently careful draftsmanship of the entire instrument and the distinction observed in the donative words in the trust provisions and in the outright gift to the son.

No duties are imposed upon the trustee, the exercise of which would be incompatible with the widow's right of dower. Furthermore, its allowance would be quite in line with the evident intent of the testator in other parts of the will to make a rather more generous provision for his widow for life than for either of his children.

Whether or not these positive considerations in favor of the widow's right to dower in addition to her testamentary benefactions would carry weight with all who read the document, it is scarcely open to question that no person would assert that testator's intention appears beyond a reasonable doubt to exclude her from receiving both benefits, which under the rules reviewed is the final test for determination.

The court, therefore, decides that the widow is not put to an election and is entitled to dower in the lands not specifically devised to her in addition to the testamentary benefits conferred.

Enter decree on notice accordingly.