In the Matter of the Estate of HENRY DEWITT LOTT, Deceased.

Surrogate's Court, Queens County, June 9, 1933.

*Harry W. Kouwenhoven,* for executrix and trustee.

*James A. Dayton,* for Henry B. Kouwenhoven, George A. Kouwen-hoven and A. K. Van Sise.

*Edwiene Schmitt,* for the objectants.

HETHERINGTON, S. The decedent died on September 3, 1928, leaving a last will and testament which was admitted to probate on October 24, 1928. Letters testamentary were issued to his widow who has instituted this proceeding for the judicial settlement of her intermediate account as executrix and trustee. Objections have been made by several of the remaindermen which make it necessary to construe several of the provisions of decedent's will. Under the fourth paragraph thereof testator created a trust of his residuary estate with a direction to his executor and trustee " to receive the rents, revenues, income and profits therefrom, and after defraying all taxes and other lawful charges upon the same, to pay the net income thereof " to his wife for life. Upon the death of his wife he made provision for a legacy of $100 to his nephew Henry B. Kouwenhoven, and directed that the remainder be divided into equal parts among named nephews and nieces. In the ninth paragraph he nominated his widow as executrix and trustee giving and granting to her power to sell, mortgage or lease his realty, and in the interim authorized her " to collect all the rents, income and profits of my said property, and to pay there-from all taxes, assessments, interest, insurance or other charges of any kind which may be levied or become a lien against the same, to make all repairs, to keep the buildings or other improve-ments thereon in good and tenantable condition, and to pay all expenses connected therewith." Decedent left real and personal property appraised at over $436,000. Realty constituted the major portion of his estate and among the several parcels owned by him was a fifty-five-acre farm at Flushing appraised in transfer tax proceedings at $225,000. The widow claims both dower and the benefit of the testamentary provisions made for her. The objecting remaindermen challenge her right to dower. The will here does not expressly exclude the widow from her dower. The rule is well established that where there is no direct expression of intention in the will that the testamentary provisions should be in lieu of dower the question is whether the will contains any provisions inconsistent with the assertion of a dower right. (*Rubenstein* v. *Rubenstein,* 221 App. Div. 612, 614.) In *Konvalinka* v. *Schlegel* (104 N. Y. 125, 129) the rule was stated as follows: " We repeat,

the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will." KETCHAM, S., in discussing the cases where the courts have held that there existed a manifest incompatibility between the provisions of the will and the claim of dower, writes in *Matter of Fitter* (92 Misc. Rep. 706, at p. 708) as follows: " It is held that the trust is not repugnant to the assertion of dower, unless it is apparent that the trust requires the possession and control by the trustee of the entire lands involved; and the courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands, which by their nature would require entry upon the premises and the complete and exclusive management thereof. Thus, the duty to make repairs and improvements, to insure buildings, to mortgage and to lease, or otherwise deal with the premises in a manner which would be impossible if there were an assignment of dower by metes and bounds, has been held to be controlling evidence of an intention to exclude the widow from any right or relation to the lands." In *Matter of Gorden* (172 N. Y. 25) the cases involving the right to dower and the benefit of the testamentary provisions made for the widow were exhaustively reviewed, and the provisions of the will then before the court which empowered the trustees to mortgage, sell and reinvest and to keep the real estate in repair and to insure against loss by fire, were held to be inconsistent with the right of dower. In discussing the *Konvalinka* case, relied upon by the widow, the court pointed out that there was no valid trust, no disposition of the income and that the trustee had neither title nor control. Here the decedent's will gives his executrix and trustee the power to sell, mortgage or lease any and all of his real estate and to pay out of the rents, income and profits thereof all taxes, assessments, interest, insurance or other charges of any kind which may be levied or become a lien against the same, to make all repairs and to keep the buildings or other improvements thereon in good and tenantable condition. Provisions such as these are inconsistent with the assertion of dower and are four square with those considered in *Matter of Gorden* (*supra*). The widow, therefore, must be excluded from dower, unless the fact that she is the sole executrix and trustee and life beneficiary requires the application of a different rule. While it is true that the same person may not at the same time be both sole trustee and sole beneficiary of the same interest, and the widow here by virtue of the provisions of section 92 of the Real Property

Law became entitled to a legal estate of the same quality and duration and subject to the same condition as her beneficial interest, I do not think these principles operate to destroy the testator's intent to exclude his widow from dower, for the reason that during the period of the merger the trust is not wholly destroyed but merely suspended, and upon the death of the widow it is revived, at which time the obligation of distribution falls upon her personal representatives. Final distribution upon the termination of the trust is as much a part of the duties of a trustee as the administration of the fund prior to the arrival of such time. (*Matter of Galloway,* 139 Misc. 183; *Weeks* v. *Frankel,* 197 N. Y. 304.) The provisions of testator's will clearly evidence an intent to exclude the widow from dower. His purpose is no way obscured nor should it be defeated because he selected his wife as trustee instead of another.

Another objection is directed to the fact that the accountant has charged to principal taxes and assessments upon and carrying charges of the realty. As heretofore stated, the testator died seized of a farm, the income of which from the date of his death to the time of accounting amounted to not more than $1,025. The annual taxes are over $3,000, and the assessments about $25,000, some of which have been converted into ten-year installment assessments. It was appraised at $225,000, and later sold in June, 1931, for $287,678.50, subject to assessments or annual installments thereof, then liens, amounting to $16,000. The purchaser paid $71,000 in cash and gave a purchase-money mortgage for the difference of $216,678.50. Later the farm was taken back without foreclosure. No interest was received by the widow from the mortgage. To all intents and purposes the farm must be regarded as unproductive realty. The total income from the personal estate is about $30,000, whereas the total taxes and assessments paid on the farm are over $34,000. It is, therefore, apparent that if the foregoing items were charged to income the widow would receive nothing. Such a result would do violence to the intention of the testator. I think that the situation here presented calls for the application of the rule laid down in *Spencer* v. *Spencer* (219 N. Y. 459) and that the taxes and assessments and carrying charges of the farm are properly chargeable to principal.

Objection is also made to legal charges paid by the executrix. However, in view of the size of the estate and the nature and extent of the services rendered, I am not inclined to regard them as unreasonable.

With respect to commissions the accountant will be restricted to single commissions, and in view of the fact that the account is

intermediate, commissions are payable only on sums received and actually paid out. In accordance with the foregoing views the objections interposed are disposed of as follows: Objection 1 of Henry B. Kouwenhoven and George Abraham Kouwenhoven is sustained. Objection 2 is sustained to the extent that the accountant seeks an allowance of $3,397.80 for trustee's commissions and overruled as to the balance. Objection 3 is overruled. Objection 4 has been cured by the supplemental account. Objection 5 is sustained to the extent of $2,383.30 and overruled as to the balance. Objections 6 and 7 are overruled.

The objections of Adrianna K. Van Sise and George A. Kouwenhoven to the supplemental account are disposed of as follows: Objections numbered 1 are overruled, objections numbered 2 are sustained and objections numbered 3 sustained to the extent heretofore indicated.

The objections of Ella Suydam and Anna Kluth are disposed of as follows: Objection 1 is sustained to the extent of disallowing the widow's claim for dower and overruled as to the balance; objection 2 is disposed of by my disposition of objection 1; objections 3, 4, 5, 6, 7 and 8 are overruled; objection 9 is sustained to the extent heretofore indicated. Submit decree accordingly on notice.