John D. Bennett, J.
In this proceeding for a construction of the decedent’s will, the motion to reargue is granted and the decision of August 9, 1968 is withdrawn and the following substituted in its place.
The question, which is frequently presented, is whether the widow of the testator shall be permitted to take the testamentary provision in her behalf and also claim her right of dower in a portion of the three parcels of real property described in the petition.
The provision made for the wife reads as follows:
“ second: If my wife, mildbed survives me, and at the time of my death is entitled by law to a share of my Estate, I direct my Executors and Trustees hereinafter named to set aside a portion of my estate equal to such share. This portion to be disposed of as follows:
“ (a) I give and bequeath therefrom to my wife such sum, if any, as she may be entitled to receive outright.
“ (b) The balance of such portion or the whole thereof if my wife is not entitled to receive any of my estate outright, I give, devise and bequeath to my executors and trustees in trust nevertheless to hold, manage, invest and reinvest the same, to collect the income therefrom and to pay over the net income in semi-annual or annual installments to my wife during her life and upon her death to pay or distribute the principal to my daughter, jean h. brown, if she be living, or if she be dead to her issue per stirpes.”
Bequests of the above nature are not uncommon (Ann. 36 ALR 2d 147) and normally the question which arises is whether the bequest refers to the intestate share or the elective share (Matter of Dearstine, 26 A D 2d 736; Matter of Scheubel, 43 *1013 Misc 2d 674). However, here presumably, since the testator was survived by more than one child, the intestate share of the widow and her elective share will be coextensive. In addition, it has been held that bequests of this nature do not require the surviving spouse to, in fact, have exercised her right to elect as a condition to receiving the legacy (Matter of Collins, 13 NY 2d 194).
To return to the basic question, the leading case, Matter of Gordon (172 N. Y. 25, 28-29), outlines the general rule to be applied: “ While dower is favored by the law, the right to both dower and the benefit of a testamentary provision must yield to the intention of the testator when expressly stated or clearly implied. If there is reasonable doubt the widow takes both, but when the intent to limit is clear she is put to her election. This intent must appear from the will itself, read in the light of existing facts. ‘ The claim of dower, ’ said Chancellor Kent, ‘ must be inconsistent with the will and repugnant of its dispositions, or some of them.’” Numerous cases in New York have concerned themselves with the various elements said to be either consistent with or inconsistent with the widow taking both the testamentary provision and dower, the majority of them concerning themselves with the question of whether a trust is repugnant to an assertion of dower where the trust requires possession and control by the trustees of all the lands involved (Matter of Gruman, 272 App. Div. 415; Rubenstein v. Rubenstein, 221 App. Div. 612; Matter of Greener, 45 N. Y. S. 2d 443). No case has been found in New York concerning itself directly with the question as to whether a bequest to a widow purporting to limit her to the provision provided by law is necessarily inconsistent with a claim not only to the bequest but in addition to dower. In Warren v. Morris (4 Del. Ch. 289, mod. on another point, 4 Houst. Del. 414), the Chancellor there, in a well-reasoned opinion, after stating the general rule, concluded that there was sufficient in the will to put the widow to her election. He stated as follows (pp. 300-301): “ But the very terms of the bequests made to the widow do, upon a fair and reasonable construction, import that this was to be the whole provision taken by her out of the testator’s estate. The bequest runs thus: ‘ I give and bequeath unto my beloved wife one third part of my whole estate according to law, with the exception of her interest in two indentured servants and one bay mare hereinafter mentioned.’ Now the obvious and common sense meaning of this clause is that the widow shall take of the whole estate, consisting of the proceeds of both real and personal estate converted into one fund, such proportion as she *1014 would have taken in his estate by law had the husband died intestate, to wit, one equal third part, neither less nor more.”
Citing the Warren v. Morris (supra) case as authority, the court in Matter of Gotzian (34 Minn. 159, 165) said: “ "Where a testator, as is not unfrequently done, bequeaths to his wife such portion of his estate as she would be entitled to under the statutes of distribution or descent, she takes, as legatee or devisee under the will, such share of his property as she would receive if she had died intestate, and she is not entitled to dower in addition thereto, but is put to an election. (Warren v. Morris, 4 Del. Ch. 289, 300, 301; Kelly v. Reynolds, 39 Mich. 464; Adamson v. Ayres, 5 N. J. Eq. 349.’.’
Of interest also is the comment appearing in Thompson v. Burra ([1873] L. R. 16 Eq. 592, 601): “ When a man makes a will, by which he gives to his widow benefits carefully measured and defined, there is a strong presumption that he intends her to take nothing more.”
The court accordingly holds that the provision of the will for the widow is inconsistent with her taking dower also and she is therefore put to her election whether she will take dower or the provision under the will (Wilson v. Wilson, 120 App. Div. 581).