John D. Bennett, S.
This is a proceeding by the surviving spouse for a construction of the will with regard to the extent of dispositions made in her favor.
The decedent left surviving a wife of 10 months, a married daughter by a prior marriage and five grandchildren, three of whom are infants. His will dated February 19, 1969 was executed approximately two months after his second marriage together with a codicil dated March 13, 1969.
Item first of the will is a bequest to the surviving spouse of an extended list of various personal items and household effects. Item fifth reads: u I give, devise and bequeath to my beloved *289 wife ruth, if she shall survive me for a period of six months, an amount equal to her elective share under the Estates Powers and Trusts Law of the State of New York.” By means of the codicil, the testator bequeathed to his wife his co-operative apartment located in New York City. The remainder of his estate, following a specific bequest of jewelry and three general legacies, the testator placed in a “ sprinkling ” trust for the benefit of his daughter, son-in-law and grandchildren. In addition, the decedent and his wife were owners of a joint bank account with right of survivorship, having a balance at the time of his death of $2,750.44. The petitioner agrees that this joint account qualifies as a “ testamentary substitute ” (EPTL 5-1.1, subd. [b], par. [1], cl. [B]).
The petitioner contends that she is entitled to her elective share without being diminished by the testamentary provisions for her benefit nor by the amount of the joint savings bank account.
The daughter and son-in-law, individually and as executors, oppose this interpretation, claiming that the testamentary provisions are not in addition to her elective or statutory share and that the amount of the bank account must also be included in determining that share in accordance with the statute. The respondents’ amended answer further claims that because the petitioner served and filed a notice of election, she can receive no more than the minimum provided by law and is accordingly barred from raising additional claims under the will. The petitioner presently requests leave to withdraw the notice of election previously filed by her.
As counsel for the surviving spouse noted in his oral argument, there appears to be no reported New York case covering the question of whether a bequest of an elective share is in addition to other testamentary benefits or testamentary substitutes. At common law, testamentary provisions for a wife were presumed in addition to her forced or statutory share (97 C. J. S., Wills, § 1257). However, even at common law, where the testamentary provisions were inconsistent with dower, the widow was not entitled to both (Matter of Gorden, 172 N. Y. 25). In the majority of jurisdictions today, the common-law presumption is reversed by statutes providing that the surviving spouse is not entitled to the forced share in addition to testamentary bequests unless the contrary intention is clearly expressed (Atkinson, Wills [2d ed.], § 33). This is in effect the kind of statute New York presently has. EPTL 5-1.1 (subd. [c], par. [1]) provides that in computing the elective share in relation *290 to wills executed after August 31, 1966, the decedent’s estate includes all testamentary substitutes and the elective share is reduced by all “testamentary provisions” for the surviving spouse’s benefit. The term “ testamentary provision ” includes testamentary substitutes in addition to dispositions by will.
One of the cardinal rules of construction requires that technical words employed in a will are presumed to have been used in their technical sense: (1) especially if the testator employed a draftsman skilled in the use of technical words (Matter of Barrett, 141 Misc. 637; 7 Warren’s Heaton, Surrogates’ Courts, § 18, par. 4, cl. [c]); and (2) particularly where a statute attributes a specific meaning to those words (Atkinson, Wills [2d ed.], § 146, p. 811). Here, the draftsman was concededly skilled, being a noted commentator, lecturer and author on the law of wills and estates practice, and the particular words employed do have a precise meaning when related to the statute in question. While two letters of the draftsman reveal a somewhat ambivalent position, his last letter of December 21,1970, clearly states that the widow is not to receive the other benefits in addition to her elective share.
The argument of counsel for the petitioner that the result reached in Matter of McLaughlin (30 N Y 2d 781) should be applied here is not persuasive. There, a bequest of an amount equal to the marital deduction without other language was held to be a bequest of the maximum marital deduction undiminished by property passing to the spouse outside the will. In the case now before this court, the mechanics of computing the elective share are fully set forth in the statute itself and are self-executing. Equally unpersuasive is the argument that will-drafting books, suggest that, in drafting a bequest of the elective share, language be added reducing the bequest by other benefits. In the court’s opinion, a bequest measured by the elective share is sufficient although, to avoid controversies of this kind, adding the suggested language would appear to be extremely good advice.
The surviving spouse insists that extrinsic evidence should not be considered by the court in its interpretation of the language, but both sides have agreed on stipulations of facts incorporating an affirmation, sworn statements and documents. While the court believes that there can be no doubt about the proper interpretation of the language employed by the testator in view of the statutory measurement, a consideration of some of the circumstances surrounding the decedent together with a reading *291 of the entire will reinforces the court in its ultimate determination.
The decedent married the petitioner on December 23, 1968, shortly before he executed his last will and codicil in February and March of the following year. This was the decedent’s second marriage, his first wife, Elsie, having previously died. The will demonstrates the great concern which the testator had for his only daughter and grandchildren, issue of this first marriage. His entire residuary is placed in trust for these descendants and he spells out in the most intimate detail the manner in which he wishes to bestow benefits upon them. This concern is most deeply reflected in item seventh where he sets forth guiding principles for the invasion of principal for these beneficiaries. There, he mentions the education of his grandchildren 1 ‘ whether primary, secondary, college, graduate, professional or trade ”, In addition, invasion is to be considered for establishing these same grandchildren in a business or profession or to assist them in ‘ ‘ the reasonable expenses of the marriages of [the granddaughters].”
In the face of this demonstrated concern for his daughter and grandchildren, the position advanced by the petitioner would result in her share of the estate being approximately $250,000 and the residuary trust for the daughter and grandchildren approximately $136,000 (counsel for the petitioner contends it would be closer to $158,000). The result urged by the daughter and grandchildren, on the other hand would leave these two shares approximately equal. Certainly the will leaves no doubt that the testator had as much concern for his child and grandchildren as he did for the petitioner, his wife of about two months.
Accordingly, the bequest to the surviving spouse of the elective share is interpreted as requiring a computation of that amount pursuant to EPTL 5-1.1 (subd. [c], par. [1]), including a reduction of that bequest by all testamentary provisions including the joint bank 'account which is a testamentary substitute. No determination is made on the question of whether the bequest under item first has adeemed under the facts presented, since in no event will the share of the surviving spouse be increased beyond the elective share. For the same reason, no decision is necessary on the application to withdraw the notice of election filed by the petitioner.