In the Matter of the Estate of GEORGE I. HELLIESEN, Deceased.

Surrogate's Court, Kings County, October 13, 1933.

*Miles F. McDonald,* for Isabelle M. Helliesen.

*Frederick A. Keck,* special guardian.

*J. Carlisle Swain,* for Selma Helliesen and Bertha Hoffman.

*Andrew Veleber, Jr.,* for Margaret Hoffman Doll.

*Wingate & Cullen,* for the petitioners.

WINGATE, S. The questions herein presented arise by reason of the inadequacy of the assets of the estate to satisfy all of the donative provisions of the will.

Decedent died March 18, 1932. The will in question bears date September 29, 1919. In its third item testator gave his wife $40,000 outright. By the fourth he erected a trust for her in a like sum, with remainder to his four children in equal shares. The fifth, sixth, seventh and eighth items erected trusts for his four children, each in the sum of $40,000. By the ninth he established an additional trust in the sum of $30,000, with income payable to his sisters, Selma and Bertha, with remainder to his children. The tenth effected a specific devise of the family residence to his wife. The eleventh read as follows: " In the event that from any cause, my estate shall at my death be insufficient for the payment in full of all the legacies in my will contained, I direct that the legacies in paragraphs third, fourth, fifth, sixth, seventh, eighth, ninth and tenth hereof shall nevertheless be paid in full."

The twelfth to twenty-second items, inclusive, provided for general legacies to collateral relatives, aggregating about $8,000, and by the twenty-third the entire remainder of the estate, " both real and personal," was erected into four trusts, one for each of his four children.

It has been made to appear that the assets of the estate are insufficient even to satisfy the bequests in items third to tenth, inclusive, and the present controversy centers on the method of distribution of the existing avails.

The problem encountered at the threshold of this determination is as to whether or not the widow is entitled to dower in decedent's real estate other than that specifically devised to her, or whether it is inferable from the testamentary directions that the testator intended the provisions made for her in the will to be in lieu thereof. This has been a vexed question of interpretation from time immemorial, particularly where, as in the present case, there is no express statement of the testamentary desire in this regard. The rule adopted by authoritative determination is to the effect that unless there is a clear incompatibility between dower and the testamentary provisions for the widow, she is entitled to the former as well as to the latter; and in case doubt exists on this subject, it is to be resolved in favor of the alleged doweress. (*Matter of Fairchild*, 138 Misc. 363, 365, 366, and cases cited.) In the case at bar there is no mention of any particular real estate of the testator other than that specifically devised to the widow, concerning which, of course, no question can arise. The remaining realty passes, according to the terms of the will, under the residuary clause, which is equally capable of effectuation whether it be interpreted to include merely the interest of the testator in the realty less the statutory rights of the widow, or the entire undiminished value thereof. It must, therefore, be determined that no such incompatibility exists between the right of dower and the terms of the testamentary instrument as to preclude the widow from taking both.

The second question presented relates to the subjection of the real estate passing under the residuary clause to the pecuniary legacies given in the will. It is primary that such result will be attained if an affirmative desire of the testator to that effect be demonstrated. (*Matter of Lilienthal*, 139 Misc. 225, 228, and cases cited.) Such affirmative intent is obvious from the provisions of the eleventh item of the will, hereinbefore quoted, by reason of the direction that in the event of the insufficiency of the assets of the estate to solve all of the donative provisions, those contained in items third to tenth should be paid in full. It is quite apparent from this direction that it was the testator's wish thereby to give preference to the gifts in these items, not only over the general legacies in items twelfth to twenty-second, but also over the residuary gift itself. It must, therefore, be held that all assets of the estate after deducting the widow's dower rights in the realty not specifically devised to her, are to be employed, both realty and personalty, in the solution of the gifts made prior to item eleventh of the will.

Approaching now the question of the preferences among them-

selves of the gifts contained in these items, it is primary that the specific bequest of the family residence to the widow takes precedence over the general gifts contained in the other preferred directions. (*Taylor* v. *Dodd*, 58 N. Y. 335, 349; *Matter of Smallman*, 138 Misc. 889, 911; *Matter of Rothman*, 140 id. 597, 598; *Matter of Gavey*, 147 id. 332, 334.)

As noted, the other gifts, in items third to ninth, inclusive, are merely general legacies, the first six being to testator's wife and children, and the final one for the benefit of his sisters. Those in the former clauses being for obvious dependents of the decedent, are entitled to preferences by implication by reason of such fact. (*Matter of Smallman*, 138 Misc. 889, 908, 909, and cases cited.) The sole question in this connection, therefore, is as to whether the similar bequest for the support of testator's sisters is entitled to a parity of treatment. Witnesses were examined in an attempt to demonstrate the closeness of the relationship between the testator and these sisters. Whereas the record adduced presents a somewhat unusual welter of incompetent and irrelevant testimony, a sufficient demonstration is deducible therefrom to indicate that they were almost wholly supported by the testator for many years prior to his death; that they are persons of advanced years, and are now and for many past years have been substantially, if not wholly, dependent for support upon his bounty. With this showing it is clear under the authorities that the gift for their benefit is entitled to a like inferential preference with those for the testator's wife and children. (*Matter of Smallman*, 138 Misc. 889, 909, 910, and cases cited.)

The method of distribution of the net assets of the estate will, therefore, be: *First*, dower of the widow in the portions of the real estate not specifically devised to her of which testator died seized; *second*, effectuation of the devise of the family residence to the widow; *third*, the remaining assets will be prorated between the bequests to and for the benefit of the widow, children and sisters contained in the items third to ninth, inclusive.

It has been earnestly urged on behalf of the sisters that an interpretation producing the result hereinbefore attained will yield a sum insufficient for their support. This, if true, is most unfortunate, but such result cannot be varied by the court. If it were to be held, as is contended on behalf of these beneficiaries, that the testamentary provisions for the widow should be construed as in lieu of her dower rights, they would fare far worse financially, since in such a contingency the bequests to, and for the benefit of, the widow in the third and fourth items would be entitled to preference in payment over the gifts in items fifth to ninth, for the

reason that by her election to accept these benefits in lieu of her statutory rights she would be in the class of a purchaser thereof, whose claims are entitled to be satisfied prior to those of purely gratuitous beneficiaries. (*Matter of Smallman,* 138 Misc. 889, 906, and cases cited; *Matter of Rothman,* 140 id. 597, 598.) Assuming, therefore, that the distributable estate amounted to $150,000 and the widow's dower to $11,000, the trust fund for the sisters under the present determination would total $15,500 in round figures, whereas if the legacies to the widow were held to be in lieu of dower, it would total only approximately $11,000.

In the memorandum on behalf of the widow a computation of dower has been submitted indicating that its present value is $10,897.16. This is based upon the supposition that the equity in the premises on Eighty-first street is worth $2,000, and that in the Ridge boulevard property, $50,000. No testimony on these questions has been adduced, wherefore fixation of the net sum payable to the widow in this regard is presently impossible. If the parties are agreed upon the figures so set forth, the decree may provide therefor. If, however, any controversy exists on the subject, the question may be brought on for further hearing on usual notice.

Proceed accordingly.